# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

Loyd v. Lynchburg National Bank.

March 20th, 1890.

1. Banks—*Collaterals—Application.*—It is a well-settled rule that collaterals deposited with a bank for one debt, or class of debts, cannot be appropriated to another debt, or class of debts.

2. Contracts—*Construction—Case at bar.*—Firm having deposited with a bank, for its note to the bank as collateral, another note of the firm endorsed by third party, stipulated as follows: "If we should come under any other liability, or enter into any other engagement, with said bank, while it holds this obligation," &c.: *held*, construing the word or, as and, the stipulation refers to any other liability or engagement of the same kind with the first mentioned note; and not to a draft drawn on, and accepted by, said firm, and discounted for the drawer and placed to his credit.

Error to judgment of circuit court of Lynchburg rendered May 14, 1888, in an action of debt wherein the Lynchburg National Bank was plaintiff, and A. D. Barnes and J. C. Loyd, partners as A. D. Barnes & Co., and W. H. Loyd, the plaintiff in error, were defendants. Opinion states the case.

*Kirkpatrick & Blackford,* for the plaintiff in error.

*R. G. H. Kean,* for the defendant in error.

Hinton, J., delivered the opinion of the court.

This case involves the right of the Lynchburg National Bank to enforce the security of a note for $5,000, made by A. D.

Barnes & Co., on the 20th April, 1885, payable four months after date, and endorsed by William H. Loyd, for the payment of a draft for $435 15, drawn by one G. W. Smith upon and accepted by the aforesaid firm. And this right is claimed to arise by virtue of the terms and effect of a certain collateral note executed by the said firm of A. D. Barnes & Co. on the 22d June, 1885, which, it is supposed, makes the note for $5,000 a valid security for the draft. This collateral note is in the words and figures following; "Lynchburg, Va., June 22, 1885. $3,700. Thirty days after date, for value received, we promise to pay to the Lynchburg National Bank, of Lynchburg, Va., or order, at said bank, thirty-seven hundred dollars, homestead and all other exemptions waived, having deposited with said bank, as collateral security for the payment of this note, our note for five thousand dollars, ($5,000,) indorsed by W. H. Loyd, dated April 20th, 1885, and payable four months after that date; and we hereby promise to give at any time, on demand such additional collaterals as may from time to time be required by its president or cashier. If these additional collaterals be not given when demanded, then this note to be due, and rebate of interest taken shall be allowed on payment prior to maturity; and we hereby give to said bank, its president or cashier, full power and authority to sell and assign and deliver the whole or any part of said collaterals, or any substitutes therefor, or any additions thereto, at public or private sale, at the option of the bank, or its president or its cashier, or either of them, on the non-performance of the above promises, or any of them, or at any time thereafter, and without advertising or giving to us any notice or making any demand of payment. It is also agreed that said collaterals may from to time, by mutual consent, be exchanged for others, which shall also be held by said bank on the terms above set forth; and that if we shall come under any other liability, or enter into any other engagement, with said bank while it is the holder of this obligation, the net proceeds of the sale of the above securities

may be applied either on this note or on any other of our liabilities or engagements held by said bank, as its president or cashier may elect.          A. D. BARNES & Co."

At the trial the defendant, William H. Loyd, asked the court to give the following instruction: "If the jury believe from the evidence that the $5,000 note of A. D. Barnes & Co: was indorsed by Wm. H. Loyd for the purpose, and only for the purpose, of enabling A. D. Barnes & Co., of which firm his son was a partner, to secure credit at the plaintiff's bank in the way of discount of their notes, their drafts, and to protect the bank against over-checks, and that this purpose was distinctly understood by the plaintiff when said note was deposited with it, then said bank cannot hold said note as collateral for its discounts for the benefit of others than A. D. Barnes & Co." And the plaintiff asked the court to instruct as follows: "If the jury believe from the evidence that the plaintiff (the Lynchburg National Bank) discounted the draft drawn by G. W. Smith upon and accepted by A. D. Barnes & Co., offered in evidence and referred to in the bill of particulars, for $435 15, dated July 2d, 1885, payable sixty days after date, in the regular course of business, and that at the time of such discounting the plaintiff was the holder of the note sued on for $5,000, dated 20th day of April, 1885, made by A. D. Barnes & Co., payable to and indorsed by W. H. Loyd, payable four months after date, under and by virtue of the collateral note of said A. D. Barnes & Co., given in evidence, and dated the 22d day of June, 1885, then under the terms and effect of the said collateral note of the said A. D. Barnes & Co. the said note for $5,000 in the hands of the plaintiff became a valid security for the payment to the said bank of the said draft, and the plaintiff has the right to maintain this action to enforce such security for the amount of said draft, and the charges of protest thereon, unless the jury shall believe from the evidence that the said draft has been otherwise paid." The court refused the instruction of the defendant and gave the instruc-

tion of the plaintiff. With this last-mentioned instruction before it, the jury found a verdict for the plaintiff, and the case now comes before us on exceptions to these rulings and to the refusal of the court to grant the defendant below a new trial; and, after a careful examination of the record, we are satisfied that the circuit court erred in refusing to give the instruction asked by the defendant.

The facts of the case, as shown by the testimony of the cashier of the bank, the only witness who testified in the case, seem to be these: The Lynchburg National Bank had been in the habit of discounting the notes of the firm of A. D. Barnes & Co., and its drafts on customers who had purchased its tobacco, some of which paper the plaintiff in error, for the purpose of assisting his son, who was a member of said firm, had indorsed. But this mode of carrying on the business being inconvenient, it was agreed, on the suggestion of the cashier of said bank, that the firm should draw its note for $5,000 or $10,000, which W. H. Loyd should endorse, and that this note, deposited at the bank as collateral, would furnish a basis of credit for said firm at said bank. It seems to have been distinctly understood that this collateral should be held by the bank for the purpose of giving credit to A. D. Barnes & Co. in their dealings with the bank. No other liability of A. D. Barnes & Co. to said bank was either mentioned, or, as far as we can discover, was even contemplated. In July, 1885, Barnes & Co. failed. At that time the bank held the obligation sued on in this case, which it had discounted for a director of the bank named G. W. Smith. This was a draft drawn by said Smith on A. D. Barnes & Co., and accepted by that firm; and, as the cashier testifies, " it was not discounted by the bank on the faith of the $5,000 collateral," but " was discounted as business paper for G. W. Smith, and went to his credit." Now, from this testimony, the inference is irresistible that neither the bank nor the firm of A. D. Barnes & Co. intended that this collateral should cover a liability of this kind. In this state and

aspect of the case, the instruction asked by the defendant was both pertinent and proper, and it was error in the circuit court not to have given it. The court is also of opinion that the circuit court erred in giving the instruction asked by the plaintiff. That instruction, in effect, holds that the provision in the collateral contract beginning with the words, " It is also agreed * * * that if we shall come under any other liability, or enter into any other engagement, with said bank, while," etc., made the collateral note for $5,000 a security, not only for the $3,700 note, but for this acceptance of A. D. Barnes & Co. in favor of G. W. Smith, which had been discounted, as we have seen, by the bank for said Smith.

But this is not the proper construction of this provision of the collateral contract. The language, "if we should come under any other liability, or enter into any other engagement, with said bank, while it is the holder of this obligation," must be construed to refer to any other liability or engagement of the same kind with the one described in the former part of the contract. This language, while ambiguous, must be construed, in the circumstances of this case, to apply to transactions in which the firm and the bank are the participants and actors. The words are, "if we," meaning A. D. Barnes & Co., "shall come under any other liability, or enter into any other engagement, *with said bank*, while," etc. And if we read these words, placing emphasis on the words in italics, and construing, as we may, under the authority of many cases, the disjunctive conjunction " or " as the copulative " and," we think that such will plainly appear to be the meaning of this provision. Any other construction would not only violate the meaning of the provision, but would impute to the bank and A. D. Barnes & Co. an intention to defraud the plaintiff in error, and would violate the well established rule that collateral deposited with a bank for one debt or class of debts cannot be appropriated to a different debt or class of debts. Morse, Banks, 42, 43; Jones, Liens, secs. 250, 251, 253. Now, taking this to be the

meaning of this provision, it is clear that the court should have refused the instruction asked by the plaintiff, and its refusal to do so was error.

For these reasons the court is of opinion to reverse the judgment, and to remand the case for a new trial to be had therein, upon which new trial, if the evidence shall be the same, the court shall give the instruction asked by the plaintiff in error, W. H. Loyd, if the same shall be requested.

JUDGMENT REVERSED.