## BURKHALTER *v.* DURDEN.

The evidence demanded a verdict for the claimant, and the court did not err in directing the jury so, to find.

Argued February 11, — Decided March 8, 1905.

Levy and claim. Before Judge Daley. Tattnall superior court. May 14, 1904.

An execution in favor of Giles against Tapley was transferred to Burkhalter, and levied on a tract of land as the property of Tapley. Durden interposed a claim. The claimant derived title as follows: The land in dispute was sold at sheriff's sale and a deed made to Giles and Kelley, the deed reciting that the sale was in pursuance of a levy under an execution in favor of Smith. The record shows that the Smith execution has been lost, and its date is not shown. Giles and Kelley conveyed to Meadows, who at that time held a purchase-money mortgage on the land. Meadows conveyed to the claimant, by warranty deed dated March

24, 1899. There was evidence for the plaintiff that when Meadows received his deed from Giles and Kelley it was agreed that Tapley should have a right to redeem the land, and that Durden knew of this when he received his deed from Meadows. The plaintiff testified further, that Durden had stated that he had "some money in the land;" and that his deed from Meadows was to secure the repayment of this sum; and that the plaintiff had offered to pay Durden this amount, "if he would account for the issues and rents of the place and make James Tapley a deed to it, and he refused to do it." The evidence was undisputed that Tapley had been in possession of the land, and that Durden had never received any rents from it. The court directed a verdict for the claimant. The plaintiff excepted to the overruling of his motion for a new trial.

*W. B. Kent*, and *W. T. Burkhalter*, for plaintiff.
*Isaiah Beasley* and *James K. Hines*, contra.

COBB, J. The claimant's deed was on its face an absolute conveyance; but treating it as a deed to secure a debt, Burkhalter had no right to enforce his execution against the land until he paid or tendered to Durden the amount of his debt. *Shumate* v. *McLendon*, 120 *Ga.* 397. A legal tender of the amount due to Durden would have taken the place of actual payment, but the evidence was not sufficient to show a legal tender. The proposition made by Burkhalter was too indefinite to amount to a tender. It stated no amount, and it was conditional upon Durden's accounting for the rents, the amount of which was not stated. The evidence the rejection of which is assigned as error in the motion for a new trial could not, if admitted, have changed the result. Whether the case be viewed in the light of the evidence admitted, or of that admitted and rejected, a verdict for the claimant was demanded, and the court did not err in directing the jury so to find, or in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*