## HENSON *v.* FEDERAL LAND BANK OF COLUMBIA.

1. The motion to dismiss the case upon the ground that W. T. Rash was not made a party defendant in error is overruled. He had not been made a party to the case in the court below, and the failure to make him a party to the bill of exceptions will not work a dismissal of the bill of exceptions.
2. The court did not err in overruling the general demurrer to the petition.
3. In addition to the general demurrer the defendant filed special demur-

Appeal and Error, 3 C. J. p. 1015, n. 92; 4 C. J. p. 1199, n. 27.
Cancellation of Instruments, 9 C. J. p. 1227, n. 14; p. 1247, n. 23.
Executors and Administrators, 24 C. J. p. 250, n. 49.
Pleading, 31 Cyc. p. 275, n. 53; p. 352, n. 52; p. 478, n. 54.

rers, but, the bill of exceptions recites, "the court refused to consider said special demurrer or any of the grounds therein contained, upon the ground that said special demurrer was not filed till subsequent to the date of filing the answer and general demurrer;" and error is properly assigned upon the refusal of the court to consider and pass upon the grounds of special demurrer. The court erred in refusing to consider and pass upon the special demurrer. The ground upon which the court refused to consider the special demurrer was not in itself sufficient, as apparently it was filed at the appearance term of the court.

4. The court erred in refusing to make W. T. Rash a party in accordance with the prayers of the cross-action. The defendant was seeking to have set aside, among other instruments, a deed which had been executed by W. T. Rash to one Fuller, who had procured the loan from the plaintiff. This deed could not be set aside and canceled without making Rash a party. It was material to her defense that the defendant should be allowed to attack the deed and have it canceled, and the general demurrer to the cross-action should not have been sustained. One ground of the special demurrer to the cross-action points out that J. W. Fuller and T. H. Lang are necessary parties to the cross-action, "for the reason that said cross-action seeks to set·aside a deed alleged to have been made to T. H. Lang by J. W. Fuller, and seeks to set aside a deed alleged to have been made to W. T. Rash by T. H. Lang." This ground of special demurrer points out a defect in the cross-action, but it should not have been dismissed upon special demurrer without giving defendant an opportunity to amend.

5. The court having erroneously sustained a general demurrer to the cross-action and dismissed the same, and having erroneously refused to consider and pass upon the special demurrer filed by defendant, all that took place in the trial afterwards was nugatory; and the judgment of the court below is reversed because of the errors pointed out above and in refusing to grant a new trial.

No. 5167. September 28, 1926.

Equitable petition. Before Judge Tarver. Gordon superior court. November 16, 1925.

*Y. A. Henderson* and *J. M. Lang,* for plaintiff in error.

*J. G. B. Erwin,* contra.

Per Curiam. Mrs. Emma Rash Henson applied for a year's support from the estate of W. E. Rash, deceased, whose wife she was at the time of his death. Appraisers appointed by the ordinary made their report setting apart to the applicant certain lands from the estate of the applicant's former husband. Citation was duly issued. Before the report of the appraisers was recorded or made the judgment of the court of ordinary, the Federal Land Bank of Columbia brought a petition seeking to enjoin the prosecution of the application for a year's support. In this petition the plaintiff alleged that it was the owner in fee simple of the

lands out of which the applicant sought to have a year's support set apart; that the applicant had resided on the property and received a support therefrom for two or three years or more; that she had remarried and moved away from the property and left the same to the only son of W. E. Rash and the applicant, and relinquished the property to him; that thereafter W. T. Rash, with the knowledge and consent of the applicant, executed a bond for title to the lands in question to one Fuller, who went into possession thereunder, and subsequently to the execution of the bond for title W. T. Rash conveyed by deed the same lands to Fuller, Mrs. Henson permitting him to do so, knowing of his possession, etc.; that five years later Fuller, with the knowledge of the defendant, procured a loan on the property from petitioner, and defendant knew of this loan and the steps taken to procure it, without disclosing to petitioner that she claimed any equity or right in the property; and that the defendant is now estopped from urging a claim for a year's support out of the property.

Defendant demurred to and answered the petition, and, while the case was pending, filed a cross-petition, setting up and alleging facts to show that the plaintiff is not entitled to the injunction; that when she moved off of the property she did not relinquish the land to W. T. Rash, her son, but was merely giving him the temporary use of it; denying that she knew of any intention on the part of her son to borrow money on said land; setting up reasons why the deeds from Rash to Fuller were void because of collusion and fraud; that there was no bona fide contract of sale whereby Fuller was to purchase the lands from her son; that "if in fact any contract in writing was ever made, it was a sham trade, and W. T. Rash was to hold and own said lands, and not Fuller;  .  . that never at any time did W. T. Rash have any title to the lands, but that he had conceived the idea of borrowing money thereon, and used said Fuller to assist him in so doing; .  . that W. T. Rash had no title or deed to said lands, his possession thereof was under her permission, and could not work or ripen into a prescriptive title prior to September 29, 1922." The defendant prayed in the cross-petition that W. T. Rash be made a party defendant; and that the deed and bond for title from Rash be canceled as a cloud on the title of defendant. The petition in the cross-action was duly served upon W. T. Rash. The Federal

Land Bank demurred to the cross-action; and thereupon the court "passed an order sustaining said demurrer and dismissed said cross-action and refused to make W. T. Rash a party." Exceptions pendente lite were filed by the defendant to this order, and to the judgment overruling defendant's demurrer to the petition. The jury returned a verdict in favor of the plaintiff. The defendant made a motion for a new trial, which was overruled. To this judgment she excepted and brought the case to this court for review, naming as the only defendant to the bill of exceptions the Federal Land Bank of Columbia. W. T. Rash was not made a party, nor was he served.

The headnotes need not be elaborated.

*Judgment reversed. All the Justices concur.*