## 19211.  DEEN *et al. v.* BANK OF HAZLEHURST.

BELL, J.  1. Where, in consideration of a loan of money by one bank to another, and in order to secure the payment of the loan, the borrowing bank pledged to the lending bank certain notes of customers as collateral, under an agreement that the collateral should stand as security not only for the loan then obtained, but for "all other liabilities of the undersigned [borrower] to the said bank [lender] due or to become due, or which may hereafter be contracted or existing, whether incurred directly or indirectly by the undersigned to the said bank, including as well promissory notes, bills of exchange, and other evidences of indebtedness in writing, made, indorsed or accepted by the undersigned and purchased or owned by said bank," the lending bank had the right to hold such collateral as security for a time-certificate which had theretofore been issued by the borrowing bank to one of its customers, and which by the customer had been indorsed and pledged to the lending bank as security for a loan made to him by the latter bank; and this is true notwithstanding at the time of the transaction between the banks the borrower had no knowledge of the fact that the lender already held such time-certificate as security for an indebtedness of such customer or third person.

2. In a suit by such lending bank against the maker of one of the notes pledged with the plaintiff by the borrowing bank to secure the loan as first indicated above, where the pledge contract contained the language quoted, parol evidence that at the time of the transaction between the banks it was not the intention of the borrowing bank that the collateral placed with the lending bank to secure the loan should be held as security for any other indebtedness, would, in the absence of fraud, accident, or mistake, be objectionable as contradicting or varying the terms of a valid written agreement.  Civil Code (1910), § 5788.

3. Although in a case of this sort there may be special rules of interpretation which would require that the pledge contract be construed favorably to the pledgor, or to the maker of one of the notes so pledged, and strictly against the pledgee, the ultimate and final criterion, as in all cases, is that the real object of the court should be to ascertain the intention of the parties; and that where such intention is clear and contravenes no rule of law, and sufficient words are used to arrive at the intention, it shall be enforced, irrespective of all technical or arbitrary rules of construction.  Civil Code (1910), § 4266.

4. In view of the broad language contained in the pledge agreement, the instant case is distinguishable from *Citizens First National Bank* v. *Jones*, 161 *Ga.* 655 (3) (131 S. E. 529, 43 A. L. R. 1059) and other cases there cited.  Upon a fair interpretation of the agreement under consideration, no other conclusion appears to be reasonably possible than that it was the intention of the banks, when entering the pledge contract, that the collateral then pledged to secure the specific loan might be held by the pledgee bank as security also for the time certificate.  See, in this connection, *Clydesdale Bank* v. *Blackshear Mfg. Co.*, 18 *Ga. App.* 515 (89 S. E. 1051); *Hurst* v. *Flynn-Harris-Bullard Co.*, 166 *Ga.* 480 (143 S. E. 503); Oleon *v.* Rosenbloom, 247 Pa. 250

(93 Atl. 473, L. R. A. 1915F, 968, Ann. Cas. 1916D, 233) ; Fourth National Bank *v.* Stahlman, 132 Tenn. 367 (178 S. W. 942, L. R. A. 1916A, 568) ; 21 R. C. L. 640, 653) ; 31 Cyc. 820 et seq.; 22 Am. & Eng. Enc. Law (2d ed.) 871.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 12, 1929.

*Wade H. Watson,* for plaintiffs in error. *Gordon Knox,* contra.