AMERICUS FINANCE COMPANY *v.* WILSON *et al.*

BELL, Justice. Three individuals executed a security deed, in which they were referred to as "party of the first part," and as "grantor," conveying to a named bank described property owned by them as tenants in common, to secure a note signed by them as individuals and payable to such bank, in a sum stated. The deed contained stipulations that it was "also made with the understanding and agreement that it shall operate as security for any and all renewals of the indebtedness herein described, and shall also operate as security for any and all other indebtedness which the grantor herein may now owe, or may hereafter owe to grantee, its successors, transferees, and assigns, before the surrender and cancellation of this deed by the grantee or its or their heirs, successors or assigns," and that "upon the failure of the grantor to pay the debt above specified, or any renewal of same, or any other indebtedness now due or which may become due by the grantor to grantee or to any transferee of grantee as herein stated, the grantee herein, or its or their assigns, or transferees, may proceed to sell the property herein described, or any part thereof, before the court-house door in the county in which the same is located," after advertisement and on terms and conditions specified. One of such individuals subsequently executed a note to a corporation, hereinafter referred to as the finance company, for a loan made to and for himself alone. After maturity of this note, the finance company obtained from the bank a transfer of the note originally secured by the security deed, and other obligations to the bank executed by only two of such individuals, together with a conveyance of the property described in such deed. On obtaining these tranfers the finance company, claiming that it was entitled under the terms of the security deed to hold the same as security for the note made to it by such individual alone, proceeded to advertise the property under the power of sale, for the purpose of satisfying this indebtedness in addition to the entire indebtedness transferred to it by the bank. The makers of the security deed, after tendering to the finance company a sum which they contended was sufficient to satisfy all liability which it held against them or any of them except the note made by the one of such individuals directly to it as stated, instituted a suit to enjoin the finance company from exercising the power of sale for the purpose of satisfying the note last referred to. On interlocutory hearing the trial judge, after requiring the plaintiffs to pay all other indebtedness due by the plaintiffs or any of them to the finance company, as well as an insurance premium paid by it, and providing that the defendant might accept such payments without prejudice, granted an inter-

636

locutory injunction restraining the finance company as prayed. To this judgment the finance company excepted, assigning error thereon for various reasons, including failure of the court to pass on general and special demurrers to the petition. *Held:*

1. Since the "grantor" consisted of the three individuals who executed the security deed, a note signed by only one of them for a debt of himself alone was not an indebtedness of the grantor within the meaning of the security deed. Compare *Smith* v. *Moore*, 45 *Ga. App.* 708 (165 S. E. 765). Accordingly, the stipulations as to the indebtedness for which the deed should stand as security and as to which the power of sale might be exercised, did not embrace the note executed to the finance company by only one of such individuals, and for this reason the finance company, as the payee of such note, though having obtained a transfer of the security deed, was not entitled to assert the same as security for such indebtedness. *Citizens First National Bank of Albany* v. *Jones*, 161 *Ga.* 655 (3) (131 S. E. 529, 43 A. L. R. 1059).

(a) In this view, no ruling is necessary and none is made, as to whether if the note had been signed by all three of such individuals it would have fallen within the terms of the security deed as an indebtedness to a transferee of the grantee, as contended by the finance company. On the general subject, see *Bank of Cedartown* v. *Holloway-Smith Co.*, 146 *Ga.* 700 (92 S. E. 213); *Leffler Co.* v. *Lane*, 146 *Ga.* 741 (92 S. E. 214); *Hurst* v. *Flynn-Harris Bullard Co.*, 166 *Ga.* 480 (143 S. E. 503); *Zachry* v. *Industrial Loan & Investment Co.*, 182 *Ga.* 738, 747-749 (186 S. E. 832); *Beavers* v. *LeSueur*, 188 *Ga.* 393 (3) (3 S. E. 2d, 667); *Dudley* v. *Reconstruction Finance Cor.*, 188 *Ga.* 91 (2 S. E. 2d, 907); *Deen* v. *Bank of Hazlehurst*, 39 *Ga. App.* 633 (4) (147 S. E. 909); *Mandeville Mills* v. *Milam*, 39 *Ga. App.* 768 (148 S. E. 418); *Albany Loan & Finance Co.* v. *Tift*, 43 *Ga. App.* 789 (160 S. E. 661); 41 C. J. 468, § 373.

2. The fact that after the maturity of such note and the obtaining of the transfers by the finance company, as indicated, the three individuals who executed the security deed, now the plaintiffs, endeavored to pay to the finance company, and later under direction of the court did pay to that company as transferee certain notes or obligations signed by only two of such individuals, whether they did so because of their construction of the security deed or for other reason, would have no effect toward enlarging the terms of the security deed as to indebtedness actually secured thereby, and would not authorize a different conclusion in this case, there being no evidence of facts to justify an estoppel in favor of the finance company.

3. While in an equity case where extraordinary relief is sought the judge may hear and determine demurrers at interlocutory hearing before the appearance or first term, he is not required to do so. Accordingly, the judgment granting an interlocutory injunction in this case was not erroneous merely because of the failure of the judge to pass upon demurrers at the interlocutory hearing which occurred before the appearance term. Code, § 81-1002. See, in this connection, *Seaboard Air-Line Ry. Co.* v. *Jolly*, 160 *Ga.* 315 (127 S. E. 765); *Henson* v. *Federal Land Bank of Columbia*, 162 *Ga.* 839 (3) (134 S. E. 923); *Justice* v. *Warner*,

178 *Ga.* 579 (2) (173 S. E. 703) ; *McDermid* v. *McDermid*, 182 *Ga.* 320 (185 S. E. 315) ; *Speck* v. *Speck*, 42 *Ga. App.* 517 (7) (156 S. E. 706).

4. Under the pleadings and evidence the court did not err in granting an injunction. *Judgment affirmed. All the Justices concur.*

No. 12980. FEBRUARY 15, 1940.

*Dykes, Bowers & Dykes,* for plaintiff in error.
*R. L. Maynard* and *H. B. Williams,* contra.