20022. MILIKIN v. MURPHY et al.

HAWKINS, Justice. 1. Where, as here, a deed to secure debt contained what is commonly referred to as an "open end" or "dragnet" clause that "This deed shall further be security for any other debt, demand or claim of the. Association [the grantee], against the first party [the grantor] whether now existing or hereafter incurred," a transferee or assignee of such security deed would not be authorized to tack on an indebtedness which was owing by a third person or corporation to the grantor in such deed, and which had been transferred by the grantor to the assignee of the deed, and to exercise the power of sale contained in the deed solely for

the purpose of collecting that indebtedness, since such an indebtedness owing by a third person or corporation to the grantor would not be an obligation of the "first party" within the terms of the deed to secure debt. *Citizens First Nat. Bank of Albany* v. *Jones,* 161 *Ga.* 655 (3) (131 S. E. 529, 43 A. L. R. 1059); *Americus Finance Co.* v. *Wilson,* 189 Ga. 635 (7 S. E. 2d 259); *Bank of Lafayette* v. *Giles,* 208 *Ga.* 674 (69 S. E. 2d 78).

2. Since the assignee of such security deed was not entitled to assert the same as security for the indebtedness above referred to, the trial court did not err in overruling his general demurrer to a petition brought by the purchasers of a portion of the property described in such deed to restrain and enjoin the defendant from exercising the power of sale therein contained in order to satisfy such indebtedness, and in thereafter restraining the defendant from exercising the power of sale.

3. The decisions of the Court of Appeals in *Vidalia Production Credit Assn.* v. *Durrence,* 94 *Ga. App.* 368 (94 S. E. 2d 609), and of this court in *Rose City Foods* v. *Bank of Thomas County,* 207 *Ga.* 477 (62 S. E. 2d 145), relied upon by the plaintiff in error, are not in conflict with what is here ruled, for in each of those cases the debt sought to be tacked on was that of the maker of the security instruments there involved, and not the debt of a third person.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 14, 1958—DECIDED MAY 7, 1958.

*Hubert H. Howard,* for plaintiff in error.
*Jack W. Ballenger,* contra.

