37627.   JACOBS *v.* REISMAN *et al.*

Decided April 24, 1959.

458

*Brackett & Brackett, C. T. Brackett, Drennan & Brannon, Roy S. Drennan,* for plaintiff in error.

*Carpenter, Karp & Mathews, Harold Karp, A. Tate Conyers, Alex McLennan,* contra.

CARLISLE, Judge. Under the view which we take of the allegations of the petition in this case, it is unnecessary to decide whether under the particular provisions of the instrument referred to in the petition the defendant Reisman would be entitled to tack on a liquidated claim. The petition alleges that the plaintiff tendered the entire amount due under the security deed being the principal and interest accrued to date and that Reisman is seeking to tack on an *unliquidated, uncertain and not now reasonably determinable* claim. No special demurrers were filed and these allegations being taken as true for the purposes of passing on the general demurrer, the plaintiff, on proof thereof, would be entitled to have the deed delivered up and canceled without the defendant tacking on his claim. "A stipulation in a deed that it is given to secure a specified note and future advances, and that it 'shall also operate as security for any and all other indebtedness which the grantor herein may now owe or may hereafter owe to grantee', does not embrace a contingent and unliquidated claim for damages based upon an alleged breach by the grantor of an independent contract of employment entered into by him in his professional capacity as an attorney at law; hence the security deed was not subject to foreclosure for the enforcement of such claim." *Beavers* v. *LeSueur,* 188 *Ga.*

393 (3) (3 S. E. 2d 667). It follows that the trial judge erred in sustaining the general demurrer.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*