25674. POOLE v. SMITH et al.

ARGUED MARCH 9, 1970—DECIDED APRIL 9, 1970.

*Erwin, Epting, Gibson & Chilivis, Nickolas P. Chilivis, R. Bruce Lowery*, for appellant.

*Joseph J. Gaines, Foy S. Horne, Jr.*, for appellees.

ALMAND, Chief Justice. Dorothy B. Gregory in her complaint naming Sam Smith and Dan F. Poole, Jr., as defendants stated the following case: On June 4, 1953, Poole executed a security deed to one W. D. Crawford, conveying a described tract of land in Clarke County to secure an indebtedness of $5,500. Crawford transferred the note and security deed to one J. Swanton Ivy, who in turn assigned the note and security deed to the plaintiff Gregory. Poole conveyed by warranty deed the said tract to Albert B. Griffith who assumed the debt in the security deed held by the plaintiff. Griffith, on April 14, 1956, to secure

a debt of $3,355.99, executed a security deed to Poole, and on November 14, 1957, Griffith conveyed by warranty deed the subject property to the defendant Smith who assumed the debts secured by both deeds.

The debt secured by the deed from Poole to Crawford and transferred to the plaintiff being in default, she foreclosed and sold the property at public sale at which time she bought it in for the sum of $5,000. At this time the defendant Smith was indebted to her by reason of an unsatisfied judgment in the sum of $5,067.35, and the amount of indebtedness remaining on the note secured by the first security deed was $2,789.99.

The plaintiff tendered into the registry of the court the sum of $2,210.01 which represented the amount remaining from the bid price of $5,000 after deducting the amount of indebtedness secured by the first security deed. She alleged that: "The question is whether or not the difference between what was owed on said security deed and all charges thereunder should be credited against the obligations of Sam Smith owed to the plaintiff by reason of the judgment and other matters set forth above or whether the same should be paid over to the defendant, Dan F. Poole, Jr., as holder of the second security deed on the subject property. The claims of said defendants are conflicting."

Her prayers were that the defendants be required to interplead and set up their respective claims to said fund; that the court adjudge which one of the defendants is entitled to the fund and if it be adjudged that Smith is entitled to this fund, the same be applied against the debts owed by Smith to the plaintiff, and for injunctive relief. A rule was issued by the court requiring the parties to interplead.

In his response Smith prayed that the fund be applied to his debts owed to the plaintiff.

Poole, in his answer, claimed that he was entitled to the fund by reason of the due and unpaid debt of Griffith in the sum of $2,735.89 and secured by the second security deed.

The plaintiff subsequently amended her complaint in which she set our certain provisions contained in the security deed executed by Poole in June, 1953, which will be set out below and in which she asserted that she was entitled to have the fund applied on the indebtedness of the defendant Smith to her.

This amendment was allowed over the oral objection of the defendant Poole on the grounds of "election of remedies and estoppel."

The pertinent facts as related above were stipulated by the parties for a decision by the court without the intervention of a jury.

The court awarded the surplus realized from the foreclosure sale to the plaintiff Gregory and credited the account owed by Smith to the plaintiff and disallowed the plaintiff's claim for attorneys fees.

The defendant Poole filed notice of appeal and errors are enumerated on (a) the order allowing the amendment, and (b) the awarding of the surplus fund to the plaintiff.

Though the plaintiff designated her complaint as a bill of interpleader, she also sought a determination by the court as to her claim of applying the fund deposited in court on the debt of Smith to her and also seeking the award of attorneys fees. When she paid the fund into court she did not retire from the contest but remained a contesting party. We do not consider the case as one seeking an interpleader, but as an action in equity for direction by the court as to the disposition of a sum of money held by her as a trustee.

■ The court did not err in allowing the amendment to the plaintiff's complaint. The amendment simply elaborated the reasons set out in her original petition why the provisions of the security deed executed by Poole and foreclosed by her securing any other future indebtedness, also covered the debts owed by Smith to the plaintiff.

■ The provisions of the Act of 1958 (Ga. L. 1958, p. 655; *Code Ann.* § 67-1316) confining the operation of "open end" clauses in mortgages and security deeds of debts to (a) those arising ex contractu, and (b) between the original parties to the security instrument, are not applicable to the instant case because the security deed in question was executed in 1953 and the 1958 Act only applied to instruments executed after March 25, 1958.

Nor do such cases as *Americus Finance Co. v. Wilson*, 189 Ga. 635 (7 SE2d 259), *Bank of LaFayette v. Giles*, 208 Ga. 674

(69 SE2d 78), and *Milikin v. Murphy*, 214 Ga. 130 (103 SE2d 549), apply here.  These cases hold that the "open end" clause in the security deeds involved in those cases only applied to the original parties to the deeds.  In those cases the security deeds, after providing the so-called "open end" or "dragnet" clause, did not contain the following provision:  "It is specifically agreed that whenever there is a reference to either party hereto, the same shall be construed to mean as well the heirs, executors, administrators, successors, representatives, and assigns (either voluntarily by act of the parties or involuntarily by operation of law) of the same, and shall be held to include the plural if there should be more than one; and shall also include the masculine and feminine gender; *and that all rights, remedies and powers hereunder of the party of the second part shall inure to the benefit of and may be exercised by said party of the second part, his, her, its, or their executors, administrators, heirs, successors, assigns, agent or legal representatives.*" (Emphasis supplied).  This provision was in the security deed executed by Poole and subsequently assigned to the plaintiff, and on which the plaintiff foreclosed.

When the title to the subject property was subsequently transferred to Smith, he assumed the debt secured by such security deed and under the terms of this deed the plaintiff succeeded to all the rights, title, interest and powers that were held and enjoyed by Crawford, the original grantee of the security deed.  This deed not only secured all other and future indebtedness of the original grantor Poole, but the future debts owed by Smith to the plaintiff, which were incurred after Smith acquired title to the subject property.  In support of this construction, see *Reisman v. Jacobs*, 107 Ga. App. 200 (129 SE2d 338).

The court did not err in awarding the surplus fund to the plaintiff to be applied on Smith's debt to the plaintiff.

*Judgment affirmed.  All the Justices concur.*