46146.   BOWEN et al. v. KICKLIGHTER et al.

SUBMITTED APRIL 6, 1971—DECIDED JUNE 21, 1971.

84

*Harry R. DeLoach, Cowart & Cowart, Carroll L. Cowart,* for appellant.

*Dubberly & Dubberly, Bruce D. Dubberly, B. Daniel Dubberly, Jr.,* for appellees.

EBERHARDT, Judge. ■ There is no doubt that the security deed held by the bank and the indebtedness incurred to the bank thereunder was superior in rank to the claim of the plaintiff. Indeed, plaintiff admits in its pleadings and in affidavits that it knew of the deed when the materials were sent out to the Kicklighter job.

Consequently, as between the bank and plaintiff the bank would prevail. *Bennett Lumber Co. v. Martin,* 132 Ga. 491 (64 SE 484); *Marbut-Williams Lbr. Co. v. Dixie Electric Co.,* 166 Ga. 42 (142 SE 270).

■ ■ ■ A transferee of the security deed and the indebtedness secured thereby steps into the shoes of the grantee therein, and is generally entitled to the same rights and priorities under the deed. However, since the enactment of Ga. L. 1958, p. 655 (*Code Ann.* § 67-1316) the "open end" provision in the deed operates only as to indebtedness between the *original parties* to the deed; a transferee cannot, for prior indebtedness owing to him, or for additional advances to the maker have the benefit of the security under the deed, beyond those provided in *Code Ann.* § 67-1317. *Milikin v. Murphy,* 214 Ga. 130 (1) (103 SE2d 549). Plaintiff asserts that it is or would be willing to pay to Mr. Dubberly the amount which he paid to the bank, but that he will not accept it. No lawful tender is alleged or shown. If tender were properly made he would be bound to accept it, cancel the security deed and allow plaintiff to proceed under its foreclosure. Indeed, plaintiff is entitled to obtain a judgment foreclosing its lien, but cannot enforce it by levy and sale until the security deed is satisfied. *Code* § 39-201; *Shumate v. McLendon,* 120 Ga. 396 (9) (48 SE 10); *Burkhalter v. Durden,* 122 Ga. 427 (50 SE 144); Cf. *Code Ann.* § 109A-9—506.

■ ■ ■ ■ While it is necessary for a materialman to obtain a judgment prior to or concurrently with the foreclosure (*West Lumber Co. v. Aderhold,* 90 Ga. App. 255, 256 (82 SE2d 670) ) against the contractor before he is in position to foreclose his lien against the property, unless the contractor has absconded or has been adjudicated a bankrupt, the amount of the judgment against the contractor is not necessarily the measure of the amount for which he may be entitled to foreclose his lien.

On a trial of the lien foreclosure we apprehend that Mrs. Kicklighter will have ample opportunity to show what payments she made under · the construction contract with Hodges, and how the money was disbursed by him, and that the plaintiff will likewise have ample opportunity to question or to disprove the claimed payments, and that the jury will be able to determine with certainty the amount for which plaintiff is entitled to foreclose its

lien. See *Short & Paulk Supply Co. v. Dykes,* 120 Ga. App. 639 (171 SE2d 782).

Moreover, Mrs. Kicklighter admits that she owes a balance under her contract with Hodges, and in any event plaintiff is entitled to foreclose its lien in an amount up to the extent of that balance, increased by any sums from the payments made to the contractor which were not properly applied.

The judgment sustaining defendant's motions for summary judgment and dismissing the foreclosure proceeding is reversed, with direction that the matter proceed in a manner not inconsistent herewith.

*Judgment reversed. Hall, P. J., and Whitman, J., concur.*