A92A1365. EDMONDS v. CARVER STATE BANK.
(423 SE2d 685)

CARLEY, Presiding Judge.

Appellant-defendant is the assignee of a first deed to secure debt. Appellee-plaintiff is the grantee of a second deed to secure debt. The issue presented for resolution in the instant case is the extent to which appellant's first security deed secures debts owed by the borrower. Appellant urged that her first security deed secures not only the debt owed by the borrower to the original grantee, but also such pre-assignment debts as were owed by the borrower to her. Appellee urged that appellant's first security deed secures only the debt owed by the borrower to the original grantee and such post-assignment debts as may be owed by the borrower to appellant. The trial court granted summary judgment in favor of appellee, holding that appellant's first security deed did not secure debts owed to appellant by the borrower and incurred prior to the assignment. Appellant appeals from that order.

1. "A transferee of a security deed steps into the shoes of the grantee, and is entitled to the same rights, privileges and rank held by

the [assignor] as to the amount of the indebtedness owing to the grantee and secured by the deed *at the time of the transfer.*" (Emphasis supplied.) *Bowen v. Kicklighter,* 124 Ga. App. 82 (2a) (183 SE2d 10) (1971). Accordingly, assignment of the first security deed to appellant did not elevate her status from unsecured to secured creditor as to pre-assignment debts owed by the borrower to her. It follows that the trial court correctly granted summary judgment in favor of appellee.

2. Remaining enumerations of error have been considered and are either moot or without merit.

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED SEPTEMBER 24, 1992 —
RECONSIDERATION DENIED OCTOBER 9, 1992 — 

*Floyd, Jones & Ware, Charles R. Floyd, Jr., Gia A. Brown,* for appellant.
*Oliver, Maner & Gray, Patrick T. O'Connor,* for appellee.