A92A2251. FIRST NATIONAL BANK OF POLK COUNTY,
COPPERHILL, TENNESSEE v. CHARUHAS.
(427 SE2d 831)

CARLEY, Presiding Judge.

Appellee-defendant is the holder of a first deed to secure debt in the principal amount of $31,680. Appellant-plaintiff is the holder of a second deed to secure debt in the principal amount of $150,000. Subsequent to the recording of appellant's second security deed, appellee loaned the debtor an additional $25,000. Appellant initiated the instant declaratory judgment action, seeking a declaration that appellee's first security deed secured only the original $31,680 debt. Appellee answered, asserting that her first security deed secured not only the original $31,680 debt, but also the subsequent $25,000 debt. After a bench trial, the trial court entered judgment declaring that appellee's first security deed secured both the original $31,680 debt and the subsequent $25,000 debt. It is from that judgment that appellant brings the instant appeal.

Appellee's first security deed contains an "open-end" or dragnet clause. Such clauses are effective as to subsequent "other debts or obligations arising ex contractu . . . between the original parties to the security instrument." OCGA § 44-14-1 (b). Appellee and the debtor are original parties to appellee's first security deed. Compare *Edmonds v. Carver State Bank*, 205 Ga. App. 774 (423 SE2d 685) (1992). It follows that the subsequent $25,000 debt is secured by virtue of the "open-end" clause contained in appellee's first security deed. Appellant could have denied appellee the benefit of the "open-end" clause *if* appellant's second security deed had "been filed for record *and* actual notice [there]of . . . [had] been given to [appellee, as] the holder of [the first security deed containing the 'open-end' clause]." (Emphasis supplied.) OCGA § 44-14-2 (b). Although appellant recorded its second security deed and thereby gave constructive notice to appellee, it is undisputed that appellant did not give appellee actual notice of its second security deed. Since appellant failed to limit the effectiveness of the "open-end" clause contained in appellee's first security deed, it follows that the trial court correctly entered a declaratory judgment in appellee's favor.

*Judgment affirmed. Pope, C. J., and Johnson, J., concur.*

DECIDED FEBRUARY 10, 1993.

*David E. Ralston,* for appellant.

*Albert F. Taylor, Jr.*, for appellee.