L. J. GUILMARTIN & COMPANY *et al.*, plaintiffs in error, *vs.* FRANK E. STEVENS *et al.*, defendants in error.

1. Where property was conveyed in trust for the sole and separate use of the wife of the trustee for and during her natural life, with remainder to her children, with the provisions that the trustee might, by deed, in which the life tenant should voluntarily join, sell, mortgage, exchange, or otherwise dispose of, the property or any part thereof, reinvesting the proceeds in other property real and personal, subject to the same uses and trusts :

*Held,* that a mortgage on the trust property, executed by the trustee to secure debts contracted by him in his business as a merchant, was not within the purview of the power embraced in the trust deed.

2. A letter from an attorney at law to a trustee advising him not to mortgage the trust property, was inadmissible in a contest between the mortgagee and the *cestui que trusts* involving the power of the trustee to execute such instrument, the said attorney being himself a competent witness, and it not appearing that notice of the contents of such letter was brought to such mortgagee.

3. An immaterial error is no ground of new trial.

Trusts. Power. Husband and wife. Mortgage. Evidence. New trial. Before Judge GIBSON. Richmond Superior Court. October Term, 1874.

The letter referred to in the second head-note was from Frank H. Miller, Esq., the attorney employed to draw the power signed by the life tenant, to the trustee. It was as follows :

"AUGUSTA, GA., July 28, 1868.

"MR. A. STEVENS, Pulaski House, Savannah :

"*Dear Sir*—Your telegram of the 27th did not reach Augusta until 7.50 last night, and I did not receive it until this morning.

"Enclosed find such an instrument as you require. Not having access to the deed, I could not prepare the instrument as particularly as I could desire, but I think it will answer.

"I took it to Mrs. Stevens for execution, who expressed some surprise that you had not mentioned the matter to her. She, however, signed it. If you can avoid having to mort-

gage this property, I am inclined to think it will be best not to do it.                    Yours truly,

(Signed)                                    "FRANK H. MILLER."

The remaining facts are reported in the decision.

HOOK & WEBB; JOHN T. SEWMAKE; HENRY W. HILL-IARD, for plaintiffs in error.

FRANK H. MILLER, for defendants.

WARNER, Chief Justice.

This was a bill filed by the complainants against the defendants, in which they allege that they are the *cestui que trusts* and remaindermen, under a certain trust deed executed by James L. Seward, on the 29th day of April, 1864, to Andrew Stevens, conveying to him, the said Andrew, certain described property therein mentioned, in trust for the benefit of complainants; that the said trustee had mortgaged said trust property to Guilmartin & Company, and to L. J. Dupree, in violation of the terms and provisions of said trust deed, which mortgages have been foreclosed and levied on the trust property.   The prayer of the bill is for a perpetual injunction restraining the sale of the trust property under the mortgage *fi. fas.* levied thereon, for the removal of the trustee, and for such other relief as their case may require.   On the trial of the case, the jury found a verdict sustaining the injunction prayed for.   The defendants made a motion for a new trial on the several grounds therein set forth, which was overruled by the court, and the defendants excepted.

1.  The property conveyed by the trust deed was a settlement of land in Thomas county which was conveyed by Seward to Stephens, in trust "to and for the sole and separate use, benefit and behoof of Matilda C. Stevens, the wife of the said Andrew Stevens, for and during the term of her natural life, free from the debts, liabilities or contracts, of her present or any future husband, with remainder at her death to her children then in life, or who have issue also at that time, the

issue of any deceased child, to take the parent's proportionate share. But should the said Matilda C. Stephens die without leaving any child or issue of a child alive at that time, then with remainder to the said Andrew Stevens and his heirs forever : *Provided, always,* that the trustee for the time being may, at any time, by deed, in which the said Matilda C. Stevens voluntarily joins, sell, mortgage, exchange, or otherwise dispose of the premises aforesaid, or any part thereof, reinvesting the proceeds in other property, real or personal, subject to the same uses and trusts herein before set forth. And also, from time to time, in a similar way, sell and convey, or otherwise dispose of, any other property held under the provisions of this deed." It appears from the evidence in the record that the trust property was mortgaged by Stevens to Guilmartin & Company for an advance of $3,000 00 to enable him to carry on his business as a merchant. This mortgage was executed by Stevens and his wife, he signing her name thereto under a power of attorney from her authorizing him to do so. It also appears from the evidence in the record that Stevens was indebted to Dupree the sum of $4,400 00, and that Dupree had instituted proceedings on the equity side of the court for the seizure of his goods in trade, to secure the payment thereof. To induce Dupree to release his goods from seizure for his indebtedness to him, Stevens executed another mortgage on the trust property, which was also signed by Mrs. Stevens; and these are the two mortgages which have been foreclosed and the mortgage *fi. fas.* levied on the trust property which the complainants seek to enjoin. The main controlling question in this case, on the statement of facts disclosed in the record, is whether the mortgages on the trust property were made for the objects and purposes contemplated and authorized by the deed creating the trust? The trustee had the power under the trust deed to sell, mortgage, exchange, or otherwise dispose of the trust property, provided his wife, the said Matilda C., voluntarily joined him therein, for the purpose of *reinvesting* the proceeds in other property, subject to the same uses and trusts herein before set forth. What were

the uses and trusts therein set forth in the trust deed? To and for the sole and separate use, benefit and behoof of Matilda C. Stevens, the wife of the said Andrew Stevens, for and during the term of her natural life, free from the debts, liabilities or contracts of her present or any future husband, with remainder, at her death, to her children, etc. The obvious and fair legal construction of the trust deed is, that the trust property was not to be sold, mortgaged, exchanged, or otherwise disposed of with the voluntary consent of Mrs. Stevens, only for the benefit of the trust estate, and not otherwise. If there could be any doubt as to the power of the trustee to sell or mortgage the trust property for any other purpose than for the purpose of *re-investing* the proceeds in other property for the use and benefit of the trust estate, that doubt is removed by the provision in the deed, "And, also, from time to time, *in a similar way,* sell, and convey, or otherwise dispose of, any other property held under the provisions of this deed." One of the main objects of the trust, as declared on the face of the trust deed was, that the property conveyed therein, should be secured for the sole and separate use of Mrs. Stevens during her natural life, with remainder to her children after her death, free from the *debts, liabilities,* or *contracts* of her husband. The mortgagees, at the time they took their respective mortgages on the trust property, had full knowledge of the trust deed and the terms thereof. The debts which the mortgages were given to secure, were not debts created for the benefit of the *trust estate,* but were the individual debts of Stevens, the husband and trustee, contracted by him, to carry on his business as a merchant, which business, at the time the mortgages were taken, was not, to say the least about it, in a very safe or prosperous condition. The wife cannot bind her separate estate by any contract of suretyship, nor by any assumption of the debts of her husband: Code, section 1783. In our judgment, the mortgages on the trust property, made under the circumstances, and for the purposes, as disclosed by the evidence in the record, were not authorized by the deed cre-

Guilmartin & Company *et al. vs.* Stevens *et al.*

ating the trust, but in violation of the true intent and meaning thereof.

2. The admission of the letter written by Mr. Miller to Stevens, in which he stated to him, "If you can avoid having to mortgage this property, I am inclined to think it will be best not to do it," was error.    This letter of Mr. Miller to Stevens, was not competent evidence as against the mortgagees, it not appearing that they ever saw it, besides Mr. Miller was a competent witness to testify as to what he had done in the matter.

3. After the jury had been out consulting on the case some time, they came into court, and propounded the following question in writing to the court: "If Stevens used the money borrowed of Guilmartin & Company and Dupree, and secured by the mortgages, in the purchase of merchandise, was such a use of it in harmony with the power given by the trust deed?"    The court then instructed the jury in the following words: "I don't know about charging you on this subject; it is rather an infringement on your province—well, I might as well cover the whole ground, and I charge you, that such a use would not be in harmony with the trust deed; the trust deed gave no such power." If the court had charged the jury that if they believed from the evidence before them, that Stevens used the money borrowed from Guilmartin & Company and Dupree, secured by the mortgages, in the purchase of mechandise, such a use of it, would not be in harmony with the power given by the trust deed, the charge would not have been objectionable, but whilst we do not indorse the charge given as being legally correct, still, it was an immaterial error, in view of the facts of the case.    Notwithstanding the court may have committed some errors in the progress of the trial, still, the verdict was right under the evidence, and the law applicable thereto, in relation to the main question involved on the trial of the case, and we therefore affirm the judgment as to the remaindermen who were the complainants in the bill, and direct that the chancellor enter a decree on the verdict enjoining the defendants from proceeding with their mort-

gage *fi. fas.*, to sell their interest as remaindermen in the trust property, such in our judgment being the legal effect of the verdict, inasmuch as Mrs. Stevens was not a complainant in the bill, and has not prayed for any injunction against the sale of her life estate in the trust property, but nothing in this decision is to be so construed as to conclude her from doing so hereafter if she shall think proper to do so.

Let the judgment of the court below be affirmed with directions.