21142. AMERICAN SURETY COMPANY OF NEW YORK *v.*
BANK OF DAWSON.

JENKINS, P. J. 1. "A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder unless and until it accepts or certifies the check." Ga. L. 1924, pp. 126, 163; Michie's Code (1926), § 41294 (189).

2. The general rule is that where money is placed in a bank on general deposit, title passes immediately to the bank, and the relation of debtor and creditor is thereby created between the bank and the depositor, the credit of the bank being substituted for the money. *McGregor* v. *Battle,* 128 *Ga.* 577 (58 S. E. 28, 13 L. R. A. (N. S.) 185); *Few* v. *First National Bank,* 40 *Ga. App.* 791 (2) (151 S. E. 546). But a deposit may be for a specific purpose; as money to pay a particular note or draft. Such a deposit partakes of the nature of a special deposit to the extent that title remains in the depositor and does not pass to the bank. In using such deposit for a specific purpose, the bank acts as the agent of the depositor, and, if it should fail to apply at all, or should misapply it, it could be recovered by the depositor as a trust deposit. 7 C. J. 631; *Cooper* v. *National Bank of Savannah,* 21 *Ga. App.* 356, 364 (94 S. E. 611).

3. "When A deposits money in a bank, with directions that it is to be paid out to a check which he has given, or will give, to C, the money is still the money of A until the bank either pays it or promises C to pay it, or unless it be deposited at the instance or procurement of C, or under

an arrangement with him." *Mayer* v. *Chattahoochee National Bank,* 51 *Ga.* 325 (2); *Trustees of Howard College* v. *Pace,* 15 *Ga.* 486 (2); *Bluthenthal* v. *Silverman,* 113 *Ga.* 102 (38 S. E. 344); *Southern Exchange Bank* v. *Pope,* 152 *Ga.* 162, 166 (108 S. E. 551).

4. In the instant case the plaintiff, as assignee of a check drawn by a tax-collector in favor of the State tax-commissioner in payment of inheritance taxes collected by the tax-collector (the plaintiff, as surety on the collector's bond, having made good a shortage), sued the bank upon which the check was drawn, alleging in its petition as amended that after dishonor of the check for lack of funds, a deposit was made with the bank for the specific purpose of paying the particular check, and that the bank, with full knowledge of that purpose, applied the amount of the deposit to an indebtedness owing the bank by the drawer of the check and wrongfully refused payment of the check. Since it does not appear from the allegations of the petition that the special deposit was made at the instance or by procurement of the plaintiff, or under any agreement between the bank and the plaintiff, or that the bank had promised to pay it to the plaintiff, the case does not come within any exception stated in *Mayer* v. *Chattahoochee National Bank,* supra, and is controlled by the general rule there stated. The fact that the special deposit was credited to the account of the drawer as "tax-collector," and the fund thus deposited was applied to an individual indebtedness owing the bank by the official, would not operate to change the rule or afford the holder of the check a right of action against the bank for failing to pay the unaccepted and uncertified check. The ruling here made is not in conflict with the ruling made in *Bank of Oglethorpe* v. *Brooks,* 33 *Ga. App.* 84 (125 S. E. 600). In that case the plaintiff had sold agricultural products on cash sale, and by agreement the claim of title of the plaintiffs, under the Civil Code (1910), § 4126, had been transferred to the proceeds received by the purchasers from the products on resale and deposited in the bank upon which checks for the original purchase-price had been drawn. The court there held that the bank receiving such deposit with knowledge of the agreement vesting title thereto in the plaintiffs was liable to the plaintiffs as for money had and received.

5. Under the foregoing rulings, the court properly dismissed on demurrer the petition against the bank, brought by the holder and owner of the check.        *Judgment affirmed. Stephens and Bell, JJ., concur.*

                    DECIDED JULY 17, 1931.

*Jones, Evins, Powers & Jones, H. A. Wilkinson,* for plaintiff. *W. H. Gurr,* for defendant.