Allen, J.
 

 It is in brief the claim of the plaintiff in error that since the Byesville State Bank knew that the $2,800 was deposited to meet the pay roll of the Ohio Building Tile Company, a trust arose by implication, and that hence the Kopp Clay Company can recover the amount of the entire sum deposited by the Ohio Building Tile Company in the Byesville State Bank. The sum deposited in the Byesville State Bank, namely, $2,791.94, was substantially identical
 
 *515
 
 with the loan made by the Kopp Clay Company to the Ohio Building Tile Company. Furthermore, the record presents ample evidence tending to show that the bank knew of the custom of the Kopp Clay Company to deposit sums sufficient to meet the pay roll of the Ohio Building Tile Company, and knew that the Kopp Clay Company was advancing this particular sum for that particular purpose, and that as between the Ohio Building Tile Company and the Byesville State Bank, the crediting of the pay roll check to the pre-existing indebtedness of the Building Tile Company to the bank was tortious.
 

 It is true that a trust is often implied in a case where money or other property is delivered by a specified person to a second person, to be by such second person paid or delivered over for the benefit of a third person. In such case a trust arises from the transaction in favor of the beneficiary, without any express agreement to that effect. 26 Buling Case Law, 1200, note 20, and cases cited.
 

 However, when the Kopp Clay Company drew the check for $2,800, payable to the Ohio Building Tile Company, and the check was deposited by the Ohio Building Tile Company in the Central National Bank of Cambridge, title to the fund represented by the check passed to the Ohio Building Tile Company. The relationship between the Building Tile Company and the Kopp Clay Company then became, so far as this check was concerned, that of debtor and creditor.
 

 The reply filed by the Kopp Clay Company in three places concedes that the transaction between the Kopp Clay Company and the Ohio Building Tile Company constituted a loan. When the Kopp Clay Company concedes this fact, it concedes that the deposit made in the Byesville State Bank was a deposit of funds belonging not to the Kopp Clay Company, but to the Ohio Building Tile Company.
 

 The case, hence, is entirely differentiated from eases
 
 *516
 
 where money or other property is delivered to a person in trust, to be by him paid or delivered over for the benefit of a third person. This record does show that a check for $2,791.94 was delivered to the Byes-ville State Bank for pay roll purposes, and was by it in the first instance applied to pay roll purposes, by being deposited in the pay roll account of the Ohio Building Tile Company. However, the fatal gap in the case of the plaintiff in error is that the fund neither belonged to the Kopp Clay Company nor was delivered to the Byesville State Bank by the Kopp Clay Company. The fund belonged to the Ohio Building Tile Company, and was by it delivered to the Byes-ville State Bank.
 

 The plaintiff in error bottoms its argument upon the theory of implied trust, namely, that the sending of the check by the Kopp Clay Company to the Ohio Building Tile Company, with the knowledge of the bank that this fund was to be used by the Ohio Building Tile Company for pay roll purposes, stamped it as a trust fund.
 

 A bank which uses a deposit made for a specific purpose acts as the agent of the depositor and is liable to the depositor if it misapplies the deposit.
 
 American Surety Co. of New York v. Bank of Dawson,
 
 43 Ga. App., 593, 159 S. E., 736;
 
 Union Trust & Savings Bank
 
 v.
 
 Southern Traction Co.,
 
 (C. C. A.), 283 F., 50;
 
 Dolph
 
 v.
 
 Cross,
 
 153 Iowa, 289, 133 N. W., 669; 7 Corpus Juris, 631; 5 Cyc., 515.
 

 However, in none of these cases, nor in any case cited, is the proposition advanced that a party who loans to the depositor money which is deposited for a special purpose can recover such fund when the bank wrongfully diverts it to another purpose.
 

 With reference to the doctrine of resulting trusts, upon which the plaintiff in error apparently relies, the rule is that, while a resulting trust does arise in favor of one who advances or furnishes money to an
 
 *517
 
 other to purchase property, the title to which the latter takes in his own name, where the one who advances or furnishes the money does so for the purpose of having the property or an interest therein acquired in his name or for his benefit, such a trust will not result in Ms favor if he advances the money as a loan or a gift or an advancement to the purchaser. 39 Cyc., 135. This is the theory which governed in the case of
 
 Newman
 
 v.
 
 Newman,
 
 103 Ohio St., 230, 133 N. E., 70, 18 A. L. R., 1089. While this was a case involving the question as to whether payment of the consideration upon a verbal agreement for the conveyance of real estate could take the case out of the operation of the statute of frauds, Judge Johnson pointed out in the opinion as a sigmficant and controlling fact that the property was not purchased with the money of Herman Newman, the father, but with a loan from the father to Edward Newman, the son.
 

 Hence as between the Kopp Clay Company and the Byesville State Bank, there is no theory upon which this action can be maintained, and the judgment must be affirmed.
 

 Judgment affirmed.
 

 Jones, Matthias, Kinkade and Stephenson, JJ., concur.