23095. WOLFE et al. v. CITIZENS & SOUTHERN NATIONAL BANK, Executor.

ARGUED SEPTEMBER 14, 1965—DECIDED OCTOBER 7, 1965.

*Hull, Willingham, Towill & Norman, W. Hale Barrett,* for plaintiffs in error.

*Cumming, Nixon, Eve, Waller & Capers, Reginald Maxwell, Jr., Joseph B. Cumming,* contra.

GRICE, Justice. For review here is the construction of a will, particularly as to whether it created a valid trust.

The Citizens & Southern National Bank, as executor and trustee under the will of Alfred O. Lombard, filed its petition in the Superior Court of Richmond County for construction of that will and also for direction as to distribution of property. It designated as defendants Charlcie W. Lombard, legatee, widow and sole heir at law of the testator, and four others, named legatees who are the nephew and nieces of the testator.

As to the need for construction, the petition alleged: "4. That your Petitioner finds it difficult to construe the Will of its Testator and determine the persons entitled to receive the property devised and bequeathed thereunder; for that in Item VII of said Will your Petitioner is appointed Trustee as well as Executor under said Will, and in Item IX the Trustee is given certain

authority with reference to investment and administration of trust funds and the payment of the income of said trust to the Testator's wife, but there is not either in said Items or elsewhere in said Will any devise or bequest to a Trustee of any property so that your Petitioner is unable to determine from the said Will what property it was the Testator's intent to have administered in trust.

"5. That in Item X of said Will direction is given to your petitioner as Executor to sell the residuum of the estate and make certain designated division thereof, which provision is inconsistent, and with [sic] the powers of appointment given the Testator's wife in Paragraph (c) of Item IX, so that your Petitioner as Executor desires the instructions of this Honorable Court in order to determine the person or persons to whom it should make distribution of the property in its hands as such Executor."

The widow answered, admitting every allegation of the petition and joining in the prayers of the plaintiff that the will be construed. She contended that the proper construction of the will is that she is the beneficiary for life of the residuum of the property, with a full power of appointment of the entire corpus; but that if the court should find the will so uncertain as to the residuum as to be ineffective, there should be an intestacy as to such property and she, as the sole heir at law of the testator, would be entitled to it.

The other defendants, the nephew and nieces, answered, admitting the allegations of the petition, except those as to difficulty in construing the will, which they neither admit nor deny, and as to inconsistency between certain provisions, which they deny. They contended that the proper construction is that no trust is created because of the failure of the will to bequeath or devise any property to the named trustee and that the intention of the testator was to provide for them a remainder interest upon the death of the widow.

The provisions of the will, insofar as material to the construction problem before us, may be summarized as follows.

Item I. (Not involved.)

Items II, III, IV and V make specific bequests and devises to the wife, Charlcie W. Lombard.

Item VI. (Not involved.)

Item VII names plaintiff bank as executor and trustee, relieving it from certain administrative requirements.

Item VIII. (Not involved.)

Item IX. (a) (Not involved.) (b) "After paying all taxes and all cost of administering the trust, . . . the Trustee . . . shall pay all of the net income from said trust to my said wife . . . for the duration of this trust . . . (c) My wife is given the full and exclusive power to appoint the entire assets of the trust, free of this trust, to herself or to her estate; she may make such appointment by will or by deed or by other form of transfer to any person . . . as she may desire. . . My wife is also given the exclusive power to appoint from time to time any portion or portions of said trust assets by deed or other form of transfer, and the remaining portion thereof by will. If my said wife fails to make such appointment or appointments, then said trust property, or any portion not appointed, at her death, shall become a part of the "Residuary Trust" created by the terms of this will and shall be administered accordingly. (d) If my said wife does not survive me, the assets of the trust above bequeathed shall be added to the residuum of my estate."

Item X. "At the death of my wife, all the rest or residue of my estate shall be sold by my Executor and divided in the following proportions: To Fred A. Wolfe, Jr. . . . Five Thousand ($5000.00) Dollars in cash. To Margaret Broome . . . one-third (⅓) of the remainder. To Elna Lombard . . . one-third (⅓) of the remainder. To Roswell W. Piper . . . one-third (⅓) of the remainder . . ."

Upon the hearing in the trial court, certain facts were stipulated as circumstances surrounding Alfred O. Lombard to be considered in construing his will. Essentially they were as follows: (1) Mrs. Charlcie W. Lombard is the sole heir at law of the testator, who never had any children. (2) The four legatees of Item X are the nephew and nieces of the testator, but there are other nieces and nephews. (3) The assets of the testator at the time of his death as shown in the estate tax return amounted to $104,229.14, consisting of both realty and personalty. (4) The value of the assets not specifically devised by Items II, III, IV and V of the will, as stated on the tax return, is approximately

$74,000. (5) The testator and Charlcie W. Lombard were married in 1948.

The trial judge construed the will to devise and bequeath to the plaintiff, as trustee, for the life of Charlcie W. Lombard, all of the property owned by the testator at his death except that bequeathed and devised by Items II, III, IV and V of the will. He further construed it to require that the trustee pay to the wife during her life the net income from the corpus, as directed by the will, and that upon her death the trustee sell the corpus of the trust, or such portion then remaining, and distribute the proceeds in the proportions and to the persons named in Item X of the will. He found the power of appointment to the wife to be adequately expressed and to need no construction.

The defendants nephew and nieces assign error upon this construction of the will.

Our inquiry here must be guided by the rules for construction of wills and creation of trusts. As to the former, "In the construction of wills the intention of the testator should be the first and great object of inquiry" (*Cook v. Weaver*, 12 Ga. 47), and that intention must be given effect as far as is consistent with the rules of law. *Code* § 113-806. Also, in searching for the testator's intent, the court must look diligently to the entire will and circumstances surrounding the testator at the time of its execution. *Grant v. Grant*, 187 Ga. 807, 812 (2 SE2d 421). And the will as a whole must be examined and each sentence scrutinized and given the weight it deserves when considered in connection with the entire plan of the will, or any distinct part, but no separate sentence should be overemphasized so as to distort the underlying testamentary scheme. *Frost v. Dixon*, 204 Ga. 268, 271 (49 SE2d 664). See also, Redfearn, Wills and Administration of Estates, § 133, pp. 211-212.

As to the rules governing the creation of trusts, an elementary one is that a transfer of identifiable subject matter for the benefit of another is essential. See Bogert, Trusts and Trustees, Vol. 1 (2d Ed.), § 111, p. 563; Scott, Trusts, Vol. 1 (2d Ed.), §§ 54, 74; pp. 361, 614.

However, a treatise states that "Where a testamentary trust is intended to be created, although words of devise in trust are lacking, the courts will, nevertheless, honor and enforce the trust

. . . Clear indication in a will that trustees are to have charge of what remained of an estate after payment of specific legacies will raise a trust in real estate within such residue, although there has been no specific devise thereof to the trustees." 54 Am. Jur. 72, Trusts, § 65. See also, 57 Am. Jur. 784, Wills, § 1194.

Another treatise states it in these words: "In order to constitute a valid testamentary trust there must be an estate devised or bequeathed to the trustee. However, a devise of the legal estate in terms to the trustee is not necessary where the intent to create a trust is otherwise clear, it being sufficient that from the nature of the duties to be performed the taking of such estate is necessary, in which case an estate in the trustees will vest by implication." 96 CJS 524, Wills, § 1008.

The situation now before us has not been passed upon by this court. However, with the above and other well established rules in mind, we have carefully examined this will and have concluded that the trial judge's construction as to the property forming the corpus of the trust was correct.

The testamentary scheme here is obvious. Basically it was this: Having no children, the testator intended to provide for his wife during her life and to provide for whatever, if anything, remained at her death to go to the named nephew and nieces in the stated amount and proportions. This is borne out by a study of the various items and the will as a whole. After bequeathing and devising certain property to his wife in fee simple (Items II, III, IV and V), he created a trust for her benefit for life, and, not knowing what eventualities might ensue, gave her the power of appointment by deed or will, to herself or others, of the assets of that trust (Item IX). Obviously her welfare was his primary concern. However, realizing that his wife might not need, or choose, to appoint all of the assets, he made provision for his named nephew and nieces to receive whatever, if anything, remained of his estate at her death (Item X).

The nephew and nieces contend that the trust for the wife in Item IX must fail since no property was specifically devised to the trustee and the will does not reveal what property the testator intended for the corpus of the trust. They say he did not intend all of his property not disposed of by Items II, III, IV and

V to go into such trust. In support of this contention they point out that the will referred to a "Residuary Trust" which the testator also intended to create; provided that if his wife did not survive him, the assets of the trust for her were to be "added to" the residuum; bequeathed the specific sum of $5,000 to the nephew, which amount they say he could not have known would be left if he were putting all of his property in the trust where his wife could appoint it; and provided in Item X that the executor, instead of the trustee, should make the sale and distribution. They contend that these provisions show that the testator intended only a portion of his property not specifically devised to form the corpus of the trust for the wife and intended another portion to form the residue, and that since the court cannot determine what property he intended in each portion, the trust for his wife fails and all of the property not disposed of by Items II, III, IV and V goes into the residue.

We do not agree that those provisions, when considered in connection with the entire will and particularly Item X, militate against an intent for the wife's trust to receive all of his property not specifically devised. As counsel state, this will is not artfully drawn, but we deem entire items more revealing as to intent than isolated phrases or technical terms, some of which are obviously from form books. Item X provides "At the death of my wife, all the rest or residue of my estate shall be sold by my Executor and the proceeds divided . . ." among the nephew and nieces in stated amount and proportions. There is no provision for enjoyment of this residue or for distribution of any income from it during the wife's life. Under the construction sought by the plaintiffs in error the portion of the property going into this "residue" would remain suspended until the wife's death. Surely the testator did not intend to have a part of his property held in abeyance until his wife's death, with no one receiving any benefit from it during that time. We view Item X as inconsistent with any construction except that the testator intended for all of his property not specifically devised to go into the trust for his wife under Item IX, and for whatever, if anything, remained at her death to be distributed as provided by Item X.

It will be noted that under this construction, the alleged inconsistency between the power of appointment given the wife in

Item IX and the direction to sell and distribute the residue given in Item X, upon which the plaintiff seeks direction, vanishes.

Thus, there is ample basis, from a consideration of the entire will, to conclude that this testator intended to provide as the corpus of this trust all of his property not devised by Items II, III, IV and V, and that he intended for this property to be channeled from his estate to the trustee.

*Judgment affirmed. All the Justices concur, except Cook, J., who dissents, and Mobley, J., not participating for providential cause.*