23251. SPRINGER v. COX, Executor.

ARGUED DECEMBER 13, 1965—DECIDED JANUARY 11, 1966.

*Sheats, Parker & Webb, John Tye Ferguson,* for appellant.

*Neill Leach, Edenfield, Heyman & Sizemore,* for appellee.

QUILLIAN, Justice. 1. We can not sanction the construction placed on the will by the trial judge that the testator had no intention to create a trust. "In the construction of wills precedents are of but little or doubtful value, since no two wills are alike and each is a law unto itself. . . It is the duty of the court to ascertain the intention of the testator, and give effect thereto, unless it violates some fixed rule of law, and in ascertaining the intention of the testator, sentences may be transposed, connecting conjunctions changed, and omitted words supplied." *Davant v. Shaw,* 206 Ga. 843, 846 (59 SE2d 500). "In the construction of a will, the paramount object is the ascertainment of the intention of the testator by looking to 'Its four corners' and giving consideration to all of its parts." *Lewis v. Mitchell,* 216 Ga. 526, (3) (117 SE2d 901), and cases cited. See *Code* § 113-806. An examination of the will as a whole impels us to the conclusion that the testator did intend to create a trust.

Here all the requisites of a valid trust are present: a declaration of the trust, property to which the trust pertains, a trustee, beneficiaries, terms or purpose and remainder interest. See 89 CJS 734, Trusts, § 22, and 54 Am. Jur. 43, Trusts, § 30. As to the argument made concerning the effect of the trustee also being a beneficiary see *Smith v. Francis,* 221 Ga. 260 (144 SE2d 439), and cases cited.

The provision of the will conferring upon the trustee the very broad power to expend more of the estate for one of the beneficiaries than for the others, without being responsible to any person or court, was not intended to make him the sole bene-

ficiary of the property of the estate but simply means that, in the faithful exercise of his discretion, he might distribute the moneys and property of the estate to meet the exigencies of the situation or the necessities of the three beneficiaries. "A discretionary power in a trustee is [not] beyond the reach of judicial inquiry. A court will interfere whenever the exercise of discretion by the trustee is infected with fraud, or bad faith, misbehavior, or misconduct, arbitrariness, abuse of authority or perversion of the trust, oppression of the beneficiary, or want of ordinary skill or judgment." *Cates v. Cates,* 217 Ga. 626, 632 (124 SE2d 375). Here, the trustee could encroach upon the corpus and could expend more of the estate for one of the beneficiaries than for the others so long as he acted bona fide to accomplish the purposes of the trust and in conformity with a reasonable discretion.

2. The trial judge held that Leslie Cox, Jr., as executor and sole heir at law of the testator could sell all or part of the estate. In view of what is held in Division 1 of this opinion, any action taken by Leslie Cox, Jr., would be in the capacity of trustee, not that of executor or sole heir at law. Since the will contained no express authority to sell the trust res, the general law would be applicable. See *Code* §§ 108-408 and 108-409.

3. There is evidence that Leslie Cox, Jr., had been discharged as executor of the estate. Thus, any question as to whether, in that capacity, he should be required to post bond is moot.

4. The bequest to the two granddaughters upon the arrival at majority by the younger, in our view, constituted more than a mere recommendation by the testator. The granddaughters were given a definite interest which, although it was subject to being divested through unforeseen vicissitudes or the necessity to encroach upon the estate, would entitle them to the full amount prescribed or such portion thereof as might remain upon the happening of the event, to wit, the younger granddaughter attaining the age of 21.

*Judgment reversed. All the Justices concur.*