## 53448. LUMMUS SUPPLY COMPANY v. FIDELITY FEDERAL SAVINGS & LOAN ASSOCIATION.

MARSHALL, Judge.

Appellee (Fidelity) contracted with a construction company (Sewanee, a corporation) on March 13, 1974, to finance the construction of six houses, to be completed within six months. Sewanee executed six promissory notes payable to Fidelity totaling $117,080, which sum was deposited in a construction loan account with Fidelity. Six written agreements between Fidelity and Sewanee provided for five withdrawals of this sum in accordance with a construction and inspection schedule,

and further provided that the property should not be occupied until final inspection was made and approved by Fidelity, and the contractor and materialmen had been paid in full. Sewanee gave Fidelity six deeds to secure debt, covering the six houses.

During March and April of 1974, appellant Lummus delivered building materials for a price of $20,711.16 to Sewanee for the building of the six houses. On May 13, 1974, Lummus' president wrote a letter to Fidelity's senior vice president, which purported to confirm their telephone conversation of May 10 with reference to the aforesaid loans. The letter provided as follows: "It was agreed by you and Mr. Hook [of Sewanee], that your company would with hold [sic] in escrow. [sic] The amount of $20,711.16 owing to Lummus Supply Company for materials furnished to the above property until the completion of said houses. This money would be out of Construction Loan that has been issued to them. The above account will carry an [sic] finance charge of 1 1/4 per cent per month on totals due until paid in full. We need a letter from you confirming this agreement, for our files." At the bottom of this letter is typed in: "This letter approved for [Fidelity] by," followed by the addressee's signature, dated May 14, 1974. It is this letter which constitutes the alleged contract on which plaintiff Lummus bases the present action.

Some time in May of 1974 after the 14th, Lummus filed materialman's liens against the six lots in question. In June of 1974, Sewanee abandoned the construction of the houses and defaulted on its obligations to Lummus and Fidelity, the whereabouts of its officers being unknown. In December of 1974, Fidelity obtained title to the six lots by foreclosing its deeds to secure debt, and commenced completing the houses.

On April 22, 1975, Lummus filed this action against Fidelity to recover damages in the principal sum of $20,711.16 plus interest, attorney fees and exemplary damages, and an accounting, based upon Fidelity's breach of the alleged contract, referred to as a "trust agreement," by having disbursed the "trust account funds" to other parties. Lummus alleged that, to the best of its knowledge and belief, the construction of the six

houses had been completed. In response to Fidelity's motion for summary judgment, Lummus filed the affidavit of its president, which stated that the affiant's inspection of the houses on April 13, 1976, revealed that all six houses were fully completed.

Lummus appeals from the grant of summary judgment for the defendant, Fidelity. *Held:*

The appellant contends that the alleged agreement hereinabove quoted is either the creation of a trust for its benefit, a contract to withhold funds from Sewanee's account and pay them to Lummus upon completion of the houses, or an escrow.

The requisites of a valid trust are: a declaration of the trust, property to which the trust pertains, a trustee, beneficiaries, terms of purpose, and a remainder interest. *Springer v. Cox,* 221 Ga. 673, 675 (1) (146 SE2d 753) (1966). The contended trust here lacks at least two of these requisites. There is no remainder interest. Secondly, the alleged settlor, Fidelity, had no present interest in the funds, because under the terms of the construction loan agreements they were the property of Sewanee, Fidelity having control only as to the time of their disbursement. See Code § 12-303; *American Surety Co. v. Bank of Dawson,* 43 Ga. App. 593 (2) (159 SE 736) (1931).

Nor did the letter-agreement constitute a valid contract enforceable by Lummus. Reference to the letter reveals that Lummus did not purport to be a party to the alleged contract. Instead, it recites, "It was agreed by you [Fidelity] and Mr. Hook [Sewanee] . . .," etc. Lummus could not be a third-party beneficiary where the alleged contract was not valid because it was not executed by one of the parties, Sewanee. There was no consideration for a contract between Lummus and Fidelity. Although forbearance to sue on an obligation that is due is valid consideration to support a contract (*Mason v. Blayton,* 119 Ga. App. 203, 206 (166 SE2d 601) (1969) and cits.), the only obligation owed to Lummus was Sewanee's payment of the purchase price of the materials. Fidelity would have obtained no benefit from forbearance to sue on that obligation. Its deeds to secure debt being superior to Lummus' materialman's liens, Lummus' enforcement of them would not have affected Fidelity's interest in the

real property. See *Bowen v. Kicklighter,* 124 Ga. App. 82 (1) (183 SE2d 10) (1971).

Lummus asserts that it relied to its detriment on Fidelity's alleged promise, yet it admits having properly filed its materialman's liens. Even had Lummus foreclosed its liens, moreover, this could not have defeated Fidelity's interest by way of its superior liens. Lummus' delivery of the materials to Sewanee and the ultimate benefit to Fidelity upon its obtaining possession by foreclosure, do not constitute consideration, because the deliveries were made prior to the alleged agreement.

Only if Fidelity had agreed to assume Sewanee's debt would it have an obligation, the forbearance of which would constitute consideration. However, the original debtor had not been released, and there is no separate consideration to support the promise, which is one of suretyship and which must be in writing. *Foote v. W. K. Reece & Son,* 17 Ga. App. 799 (1) (88 SE 689) (1916). The letter in question contains no promise to assume Sewanee's debt, nor does it indicate a specific period of time during which Lummus would forbear, which must be shown for forbearance to constitute consideration. *Ballentine Motors of Ga., Inc. v. Nimmons,* 93 Ga. App. 708 (2) (92 SE2d 714) (1956) and cit.

Nor was the agreement a valid escrow, which must be based, inter alia, on a valid contract and a deposit of the funds so as to be absolutely removed from the control of the depositor. *Carter v. Turbeville,* 90 Ga. App. 367, 370 (83 SE2d 72) (1954) and cit.

It appearing that there is no genuine issue of material fact and that the plaintiff's remedy is against its customer, Sewanee, the trial judge did not err in entering summary judgment for the defendant.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED FEBRUARY 15, 1977 — DECIDED
APRIL 5, 1977.

*Shoob, McLain, Merritt & Lyle, Christopher D. Olmstead,* for appellant.

*Smith, Cohen, Ringel, Kohler & Martin, Ralph H. Hicks, Kenneth L. Millwood,* for appellee.