40770. LOVETT et al. v. PEAVY et al.

(316 SE2d 754)

BELL, Justice.

James Peavy died testate on May 30, 1978, and his will was admitted to probate in solemn form in Dougherty County Probate Court. He was survived by his wife, Marion Peavy, who is the appellee in this action, three children by his first marriage, who are the appellants, and three stepchildren by his marriage to the appellee. James left his estate to his wife, with a remainder interest in his six children and stepchildren, and he appointed his wife, one of his daughters, Theresa Peavy Lovett, and one of his stepchildren, Charles Hembree, as co-executors and as "the trustees of my said wife and my entire estate. . . ."

The appellee filed this suit against James' children and stepchildren seeking a declaration that she alone, and not either of her fellow executors-trustees, had the right to determine whether to sell the real property of her husband's estate, subject only to a right of first refusal in James' children and stepchildren. The appellants answered, contending that James' will required that all executors and trustees consent to the sale of any real property of the estate. In their answer, the appellee's three stepchildren admitted all the allegations of the complaint, and agreed with the appellee's construction of the will. Cross-motions for summary judgment were filed, and the trial court granted the appellee's motion, finding that James' will created a trust for the benefit of the appellee, and that, because Theresa Peavy Lovett and Charles Hembree were remaindermen, "it was untenable for [them] to serve as co-trustees . . . since it is to their own personal benefit to keep the estate intact and not to make any encroachments

for the benefit of the [appellee]." The court therefore held that all of James' property passed in trust to the appellee, and that she was the sole trustee.[1] Theresa Peavy Lovett and James' other two children appeal from that order. We find that James' will did create a trust for the benefit of his wife, but that the trial court erred in removing Theresa Lovett and Charles Hembree as trustees.

1). We first address the appellants' contention that James' will created a life estate rather than a trust for the benefit of his wife. In making this determination, we start with rules concerning the construction of wills and the creation of trusts. In construing a will the cardinal rule is to ascertain and give effect to the intent of the testator as gathered from the four corners of the will, and, in cases of ambiguity, from the surrounding circumstances. *DuBose v. Box*, 246 Ga. 660 (1) (273 SE2d 101) (1980); *Thomas v. Wood*, 228 Ga. 206 (1) (184 SE2d 561) (1971); *Wolfe v. C & S Nat. Bank*, 221 Ga. 412, 415 (144 SE2d 735) (1965). To create a trust no formal words are necessary; instead, if a person manifests an intention that property be used or disposed of by a grantee for the benefit of one or more persons, among whom may be the grantee, a trust is created for the benefit of the latter person or persons. *Proctor v. Redfern*, 182 Ga. 175, 180 (185 SE 255) (1936); *Finch v. Miller*, 178 Ga. 37, 38 (172 SE 25) (1933); *McCreary v. Gewinner*, 103 Ga. 528, 534 (29 SE 960) (1898). Here, a trust for the benefit of the appellee was undoubtedly created by James Peavy in his will. In Item Three of the will, Theresa Peavy Lovett and Charles Hembree are appointed as executors and testamentary trustees "of my said wife and my entire estate under the provisions of Item One," and are relieved of providing any bond or accounting "as respects their . . . duty in any fiduciary capacity or position of trust created . . . by this Will." Item One of James' will provides that the executors-trustees shall diligently care for his wife and conserve and handle his estate "in such a way that [his] said wife will be supported and looked after from the income, and, if necessary, with the proceeds from the sale of timber or the land, or parts, thereof." It also directs that the executors-trustees "shall first look to the needs and expenses necessary to support my wife and maintain her in the condition of life to which she has grown accustomed. . . ." These provisions of the will clearly show that James Peavy intended for his executors-trustees to hold legal title to the property of his estate, while handling that property for the benefit of his wife during her life. Thus, a valid trust, containing a declaration of trust, a benefi-

---

[1] Because the trial court reached the conclusion that the appellee was the sole trustee, it did not address the issue of whether the appellee had the authority under the will to sell real property of James' estate without the consent of her co-trustees. We thus do not resolve that issue in this opinion; but, because of the result we reach, it will be open for resolution on remand.

ciary, a trustee, and trust property, see *Lummus Supply Co. v. Fidelity Federal Savings &c. Assn.*, 141 Ga. App. 831 (234 SE2d 671) (1977), was created. *Proctor v. Redfern*, supra, 182 Ga. at 180; *Finch v. Miller*, supra, 178 Ga. at 38; *McCreary v. Gewinner*, supra, 103 Ga. at 534.

2). Having decided that a valid trust was created, the next issue is whether the trial court properly removed Theresa Peavy Lovett and Charles Hembree as trustees due to their status as remaindermen. We find that the trial court erred in doing so.

In determining whether a trustee should be removed the primary question is whether the trustee's continuance in office would be detrimental to the proper administration and best interests of the trust. Scott, The Law of Trusts, § 107 (3rd ed.); Bogert, The Law of Trusts and Trustees, § 519 (Rev. 2nd ed.). A few of the many possible grounds for the removal of a trustee are his legal incapacity, his commission of breaches of trust or of conduct sufficient to show his unfitness to administer the trust, his mismanagement of trust property, and his acquisition of an interest conflicting with that of his beneficiaries. See Scott, supra, § 107.1; Bogert, supra, § 527; *Clark v. Clark*, 167 Ga. 1 (1) (144 SE 787) (1928). *Springer v. Cox*, 221 Ga. 673 (1) (146 SE2d 753) (1966); OCGA §§ 15-13-84, 15-13-85. An important consideration in determining whether a trustee should be removed is whether the trustee was appointed by the settlor or by a court or some third party, as courts are more reluctant to remove a trustee who has been appointed by the settlor. Scott, supra, § 107.1; Bogert, supra, § 527.

In the instant case Lovett and Hembree as remaindermen have interests antagonistic to those of the appellee. Moreover, because of the discretionary power conferred upon them in deciding whether to invade the corpus of the trust, and because of the difficulty in determining how much money the appellee might need to support her in the condition of life to which she had grown accustomed, they might be tempted to favor themselves unduly in the administration of the trust. See Scott, supra, § 107.1. Nevertheless, one commentator has concluded that the removal of a remainderman-trustee under similar circumstances was unjustifiable, noting that the above problems "were known to the settlor, and in spite of them he named [the remainderman] as trustee. It would seem therefore that the [remainderman] should have been permitted to act as trustee until it should appear that he was not properly exercising the discretion conferred upon him." Scott, supra, § 107.1 (discussing Matter of Townsend, 133 NYS 492 (1911)). Accord *Springer v. Cox*, supra, 221 Ga. at 676; Restatement of Trusts 2d, § 107 (comment f); Matter of Estate of Amason, 369 S2d 786 (Ala. 1979); Montague v. Montague, 510 P2d 901 (3,4) (Colo. App. 1973); Matter of Estate of Gilliland, 140 Cal. Rptr. 795 (Cal. App. 1977); In Re Peabody's Will, 96 NYS2d 556

(1950), aff'd., 98 NYS2d 614 (1950); In re Cowen's Estate, 265 NYS 40 (1933). We agree with this reasoning, and find that in the instant case the trial court abused its discretion in removing Lovett and Hembree, who were named trustees by the testator, based solely on their status as remaindermen.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED JUNE 19, 1984.

*Bowles & Bowles, Jesse G. Bowles III,* for appellants.
*Burt, Burt, Butler & Davis, C. Nathan Davis,* for appellees.