## 44234. COOPER v. TRUST COMPANY BANK et al.

### (357 SE2d 582)

BELL, Justice.

This appeal involves the construction of a trust instrument created in 1968 by the appellant, Nancy L. Cooper. The instrument names appellee Trust Company Bank as the trustee, and provides that the settlor shall have no right to alter, amend, or revoke the trust. Despite this language, in 1985 Cooper issued a notice of revocation directing the bank to pay the corpus of the trust to her. The bank refused, believing the trust to be irrevocable. The bank then filed a declaratory judgment action, seeking direction concerning Cooper's right to terminate the trust. Cooper answered and filed a counterclaim, contending that she was the sole beneficiary of the trust and therefore had the right to terminate it. The lower court held that the trust was irrevocable. Cooper appeals that decision, and we affirm.

Under the terms of the trust Cooper is the only person entitled to benefit from the income of the trust during her life. Item II of the trust provides that "[u]pon my [Cooper's] death the Trustee shall distribute the property in this trust to or among such of my descendants, and in such proportions, as I may by my Last Will and Testament direct or appoint and if I do not have any descendants living at the time of my death, then to or among such of my relatives related to me by blood (I specifically exclude my husband, if any), as I shall direct or appoint. If I should die without exercising the aforesaid power of appointment, then all of the property in this trust shall be distributed per stirpes among my descendants then living, if any, and if none then per stirpes among the descendants then living of my mother and father, Mr. and Mrs. Thomas H. Lanier."

1. Cooper argues that she is the sole beneficiary of the trust, and therefore can terminate the trust, despite the fact that the trust provides that it is irrevocable. If Cooper is the sole beneficiary, she is correct that she can terminate the trust, regardless of the irrevocability language. *Woodruff v. Trust Co. of Ga.*, 233 Ga. 135 (210 SE2d 321) (1974); *Moore v. First Nat. Bank of Macon*, 218 Ga. 798 (130 SE2d 718) (1963).

We find, however, that Cooper is not the sole beneficiary. A person is a beneficiary of a trust if the settlor manifests an intention to give him a beneficial interest. Restatement, Second, Trusts, Vol. 1, § 127. Item II of the trust agreement specifically names the settlors' descendants, her blood relatives, and the descendants of her parents as potential beneficiaries of the corpus of the trust. "[I]f the beneficial interest [of a trust] is limited to the settlor for life and on his death the property is to be conveyed to his children, or issue, or *descendants*, he is not the sole beneficiary of the trust, but an interest in remainder is created in his children, issue or *descendants*." Restate-

ment, supra at 273. (Emphasis supplied.) By naming a specific class of beneficiaries to receive the corpus of the trust upon her death, Cooper has demonstrated an intent to create an interest in the trust property in the people who fall within that class. She is thus not the sole beneficiary of the trust. Id.; *Avera v. Avera*, 253 Ga. 16 (315 SE2d 883) (1984). Because the trust instrument is unambiguous in this regard, Cooper's argument that she can terminate the trust because she is the sole beneficiary must fail.

2. Cooper's remaining enumerations of error are without merit.

*Judgment affirmed. All the Justices concur, except Clarke, P. J., not participating.*

DECIDED JULY 9, 1987.

*Fortson & White, Marion Smith II, John A. Howard,* for appellant.

*Alston & Bird, Ronald L. Reid, Rogers & Hardin, Joseph C. Miller, Swift, Currie, McGhee & Hiers, John F. Sacha, Bloodworth & Nix, John A. Nix,* for appellees.