A92A0284. LANDOR CONDOMINIUM CONSULTANTS, INC. et
al. v. BANKERS FIRST FEDERAL SAVINGS & LOAN
ASSOCIATION et al.

(418 SE2d 772)

McMurray, Presiding Judge.

Plaintiffs, Landor Condominium Consultants, Inc. ("Landor")
and The Colony Place Company ("Colony Place"), brought suit
against Bankers First Federal Savings & Loan Association (hereinafter referred to as "bank") and Edmond M. Smith, a vice-president of
the bank, seeking damages for breach of contract, wrongful foreclosure and violations of Georgia's Racketeer Influenced & Corrupt Organizations Act ("RICO"). The superior court granted summary judgment to defendants and plaintiffs appeal. *Held*:

Colony Place and Landor attempted to develop a condominium
project in Richmond County. Colony Place was to be the developer of
the project; and Landor was to provide management services for the
project. The bank loaned money to Colony Place for the construction
of the project.

Colony Place defaulted on its obligations to the bank and it was
put into involuntary bankruptcy. After receiving permission from the
bankruptcy court, the bank foreclosed on the project. At the foreclosure sale, the bank bid, paid for and acquired the properties comprising the project. The plaintiffs made no attempt to stop the foreclosures at that time.

In their complaint, plaintiffs sought damages for breach of contract, wrongful foreclosure and RICO violations. More specifically,
Colony Place and Landor alleged that the bank failed to continue to
finance construction of the project and wrongfully foreclosed on the
project; Landor alleged it was a third-party beneficiary of the contracts between Colony Place and the bank; Landor alleged that the
bank tortiously interfered with its contracts with Colony Place; Colony Place and Landor alleged that Smith was liable for acts which he
committed both in and out of the scope of his duties as an officer of
the bank; Colony Place and Landor alleged that the bank violated a
partnership agreement between the bank and Colony Place by failing

to continue the development of the project.

The claims which Colony Place now asserts against the bank and Smith were settled by the trustee in bankruptcy and the bankruptcy court approved the settlement. In the settlement agreement, the trustee released Colony Place's claims against the bank and Smith. In addition, on October 30, 1987, both Colony Place and Landor released the bank from all claims.

All of Smith's actions in connection with the project were performed with the knowledge and consent of the bank. Moreover, Smith performed all such actions in the scope of this employment as an officer of the bank.

In their appeal, plaintiffs raise 17 enumerations of error. All but one of the enumerations assign error on procedural or evidentiary matters. These enumerations of error are without merit. Plaintiffs have failed to demonstrate what effect these purported errors would have upon the merits of the case. See generally *Motz v. Landmark First Nat. Bank &c.*, 154 Ga. App. 858, 860 (4) (270 SE2d 81).

With regard to the enumeration assigning error upon the grant of summary judgment, plaintiffs simply assert that questions of fact remain for trial — but they fail to pinpoint just how those questions arise and we can see no error in the grant of summary judgment inasmuch as Colony Place's wrongful foreclosure claims against the bank and Smith have been released by the trustee in bankruptcy; and Landor cannot assert such claims because it has no interest in the property. Moreover, Landor cannot assert third-party beneficiary claims against the bank because it is clear that it was not a third-party beneficiary of the loan agreements between the bank and Colony Place. See *Lummus Supply Co. v. Fidelity Fed. &c. Assn.*, 141 Ga. App. 831, 833 (234 SE2d 671).

Landor's tortious interference claims against the bank were also released. Besides, in foreclosing on the project, the bank was simply exercising its rights under the loan agreements. Thus, it cannot be said that the bank tortiously interfered with Landor's contracts. See *Rebel Sales Co. v. McDuffie & Assoc.*, 142 Ga. App. 693 (237 SE2d 6).

With regard to plaintiffs' claim that the bank violated a partnership agreement with Colony Place, plaintiffs released any such claim against the bank. Besides, it is clear that the relationship between the bank and Colony Place was a lender/borrower relationship. The parties were not partners or joint venturers.

Plaintiffs' claim that the bank breached an obligation to finance the project until its completion is also barred by the releases. Moreover, we fail to see any factual basis supporting such a claim. The bank simply agreed to loan Colony Place money upon stated terms and conditions. It did not agree to finance the project whether or not Colony Place went into default.

Finally, it cannot be said the trial court erred in denying class action certification in this case. The record does not reflect the presence of numerous other claimants with similar claims. Besides, neither plaintiff is represented by an attorney. (The corporations are being represented by their president, D. Landrum Harrison.) Thus, it is clear that plaintiffs would not be able to represent a class adequately. See *Stevens v. Thomas,* 257 Ga. 645, 649 (361 SE2d 800).

The trial court did not err in granting defendants' motion for summary judgment.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED APRIL 15, 1992 —
RECONSIDERATION DENIED MAY 8, 1992 — 

Doris B. Harrison, *pro se.*
D. Landrum Harrison, *pro se.*
*Hull, Towill, Norman & Barrett, Lawton Jordan, Jr., David E. Hudson,* for appellees.