## S95A1531. IVEY v. IVEY.
(465 SE2d 434)

CARLEY, Justice.

As Settlor, Marion C. Ivey created an irrevocable trust with his son Richard as Beneficiary and his son David as Trustee. Under the terms of the trust agreement, income from the trust property was to be distributed to Beneficiary or used for his support during his lifetime. Upon Beneficiary's death, the trust was to terminate with the trust property being distributed to his descendants.

Subsequent to the creation of this trust, Beneficiary conveyed his own real property to Trustee by warranty deed and that property became a trust asset. Thereafter, Trustee conveyed that real property to Settlor by security deed. Beneficiary then brought suit against Trustee, seeking various forms of equitable relief, including: cancellation of Beneficiary's warranty deed to Trustee; cancellation of Trustee's

security deed to Settlor; removal of Trustee; and, termination of the trust. A bench trial was held and, at the close of Beneficiary's evidence, Trustee moved for an involuntary dismissal. The trial court granted Trustee's motion and Beneficiary appeals.

1. In ruling on Trustee's OCGA § 9-11-41 (b) motion, the trial court was not required to construe the evidence most favorably for Beneficiary. " 'Since the [trial] court determines the facts as well as the law, it necessarily follows that the motion may be sustained even though plaintiff may have established a prima facie case.' [Cit.]" *Chamlee v. Dept. of Transp.*, 189 Ga. App. 334, 335 (3) (375 SE2d 626) (1988). At a bench trial, the trial court "can determine when essential facts have not been proved." *Comtrol, Inc. v. H-K Corp.*, 134 Ga. App. 349, 352 (2) (214 SE2d 588) (1975). The trial court's "determination as a trier of fact will be reversed only where the evidence demands a contrary finding." *Barrow v. General Motors Corp.*, 172 Ga. App. 287, 288 (2) (322 SE2d 900) (1984).

2. Beneficiary testified that he could not "recall" signing his warranty deed to Trustee. This testimony raises no viable issue regarding cancellation of the warranty deed for fraud. Fraud may not be presumed and, while it may be proved by circumstances, it must nevertheless be proved. *Adams v. Higginbotham*, 194 Ga. 292, 295 (1) (21 SE2d 616) (1942).

Beneficiary further urges that the warranty deed should be cancelled because he executed it only as the result of a legal mistake. Again, however, Beneficiary's testimony that he could not remember the execution of the warranty deed does not demand a finding that the deed should be cancelled on the ground of legal mistake. To authorize equitable relief on the ground of mistake, the evidence must be "clear, unequivocal, and decisive. . . ." OCGA § 23-2-21 (c).

The evidence did not demand a finding that Beneficiary's execution of the warranty deed was procured by fraud or was the result of a legal mistake, and, therefore, the trial court's grant of an involuntary dismissal of the claim for cancellation of the deed on those grounds was not error.

3. The power of a trustee to encumber trust property cannot be inferred and, unless that power is granted by the instrument creating the trust, a trustee cannot exercise it except under order of court. *Wagnon v. Pease*, 104 Ga. 417, 430-431 (4) (30 SE 895) (1898). See also *Lindsey v. Robinson*, 180 Ga. 648 (180 SE 106) (1935). Although the trust agreement did not expressly authorize Trustee to execute a security deed as to trust property, it did expressly incorporate by reference the powers of a trustee enumerated in OCGA § 53-12-232. Several subsections of that statute authorize a trustee to borrow money for certain purposes and to mortgage or otherwise encumber the trust property to secure such a loan. OCGA § 53-12-232 (8) (D), (11) (B)

and (12).

Under the undisputed evidence, however, Trustee's execution of the security deed cannot be upheld as his exercise of a power authorized pursuant to OCGA § 53-12-232 (8) (D), (11) (B) or (12). Trustee did not execute the security deed to secure any debt created by the trustee on behalf of the trust. To the contrary, the security deed was executed solely in consideration of Settlor's voluntary satisfaction of certain personal debts of Beneficiary. A trustee is not authorized to execute a deed to trust property for the purpose of securing a non-trust debt. The evidence in this case demanded a finding that the debt for which the deed was given as security was not created by Trustee for the benefit of the trust estate, but was the individual personal debt of Beneficiary. Therefore, the trial court's grant of an involuntary dismissal of the claim for cancellation of the security deed was error and must be reversed. See *L. J. Guilmartin & Co. v. Stevens*, 55 Ga. 203, 206 (1) (1875).

4. In determining whether to remove a trustee, the primary consideration is whether the trustee's continuance in that position would be detrimental to the proper administration and best interests of the trust. *Lovett v. Peavy*, 253 Ga. 79, 81 (2) (316 SE2d 754) (1984). In the absence of an abuse of discretion, a trial court's order regarding removal of a trustee will not be reversed. *Griffith v. First Nat. Bank &c. Co.*, 249 Ga. 143, 147 (2) (287 SE2d 526) (1982). Where, as here, a trustee is appointed by a settlor, the courts are especially reluctant to order his removal. *C & S Nat. Bank v. Haskins*, 254 Ga. 131, 141 (9) (327 SE2d 192) (1985); *Lovett v. Peavy*, supra at 81 (2). Although Trustee erroneously determined that he was authorized to execute the security deed in favor of Settlor, the evidence did not demand a finding that, in doing so, Trustee acted with fraud, bad faith, or such want of ordinary skill or judgment as to demand his removal. See *C & S Nat. Bank v. Orkin*, 223 Ga. 385, 388 (1) (156 SE2d 86) (1967). It follows that the trial court's grant of an involuntary dismissal of the claim for Trustee's removal was not an abuse of discretion and must, therefore, be affirmed.

5. OCGA § 53-12-152 (a) (1) authorizes the termination of a trust if the costs of its administration are such as to defeat or substantially impair its purposes. However, Beneficiary produced no evidence either to prove the costs of administering the trust or to show that those costs would defeat or substantially impair its purposes.

OCGA § 53-12-152 (a) (2) authorizes the termination of a trust if its purpose has been fulfilled. The purpose of the trust in this case was to provide for Beneficiary's support during his lifetime and for distribution of the trust property to his descendants at his death. Obviously, that purpose will not have been fulfilled so long as Beneficiary remains alive. See *McBride v. Bullard*, 188 Ga. 354 (1) (4 SE2d

149) (1939).

OCGA § 53-12-152 (a) (3) authorizes the termination of a trust if, owing to unknown and unanticipated circumstances, its continuance would defeat or substantially impair accomplishment of its purposes. According to Beneficiary, the unknown and unanticipated circumstance here is Trustee's unauthorized execution of the security deed as to trust property. However, that circumstance cannot serve to defeat or substantially impair accomplishment of the purposes of the trust, because the security deed is void and must be cancelled for the reasons discussed in Division 3. Compare *Evans v. Newton*, 221 Ga. 870 (148 SE2d 329) (1966).

The evidence did not demand a termination of the trust under OCGA § 53-12-152 (a) (1), (2) or (3), and, therefore, the trial court did not err in its grant of an involuntary dismissal of Beneficiary's claim under those statutory provisions.

6. Beneficiary urges that he nevertheless has a viable claim for termination of the trust, since he is both the settlor and the sole beneficiary thereof. *Woodruff v. Trust Co. of Ga.*, 233 Ga. 135, 137 (1) (210 SE2d 321) (1974). However, "settlor" is defined as "the person who creates the trust." OCGA § 53-12-2 (7). Thus, Beneficiary's father is the Settlor of this trust and Beneficiary is only a subsequent contributor of property to the corpus of the trust. Furthermore, he is not the sole beneficiary because his descendants also are beneficiaries. *Cooper v. Trust Co. Bank*, 257 Ga. 272 (1) (357 SE2d 582) (1987). Since Beneficiary is neither the settlor nor the only beneficiary, it was not error to fail to terminate the trust based upon Beneficiary's contention that he was the Settlor-sole beneficiary.

7. Beneficiary urges that it was error for the trial court to fail to terminate the trust in the general exercise of its equity jurisdiction and its authority under OCGA § 53-12-152 (a) to protect the interests of beneficiaries. However, the evidence did not demand a finding that the trust agreement is subject to cancellation under any equitable principle or for the protection of the interests of the beneficiaries, of whom Beneficiary is but one. The only relief that was demanded by the evidence was the cancellation of Trustee's security deed conveying trust property to Settlor, as discussed in Division 3 of this opinion.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED JANUARY 8, 1996.

*Thomas M. Strickland,* for appellant.
*Fortson, Bentley & Griffin, J. Edward Allen, Walter W. Hays,*

*Jr.,* for appellee.